NO. 12-00-00272-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



 

DONALD H. DAVIS AND § APPEAL FROM THE

CORALIE DAVIS, APPELLANTS


V.
§
 COUNTY COURT AT LAW #2



JAMES W. ESTRIDGE AND ELAINE

ESTRIDGE, APPELLEES
§
 SMITH COUNTY, TEXAS

 

 Donald Davis and Coralie Davis appeal the trial court's judgment granting James Estridge
and Elaine Estridge rescission of a contract for the purchase of a house and acreage. (1) Finding that
rescission to be inequitable, we reverse the trial court's judgment, reinstate the jury verdict, and
render a money judgment for the Estridges.

 

Background

 In 1996, the Davises sold their house and acreage to the Estridges for approximately
$175,000. At the time of sale, the Davises gave the Estridges a disclosure statement which indicated
no currently existing defects/malfunctions in the house's foundation. It also indicated no awareness
of previous structural repair. The Estridges claimed at trial that the Davises knew there was a serious
foundation problem, that they covered it up, and then misrepresented the truth in order to encourage
the Estridges to buy the property. The Davises, their children, and their housekeeper all testified that
they were not aware of any problem with the foundation. However, they did admit that in 1983, they
had discovered a crack in their den floor, which they testified to repairing. Mrs. Davis asserted that
they did not note the crack on the disclosure form because they had not thought about it in so many
years, during which it never was a problem, and because they believed it had been fixed. The
Estridges testified that within a year of the sale, the house started falling apart. There was evidence
that the severe damage may have occurred due to drought after the sale of the house. The Estridges
did nothing to keep the problem from becoming more serious. 

 The Estridges sued the Davises under common-law fraud, the DTPA, and section 27.01 of
the Texas Business & Commerce Code (Fraud in Real Estate and Stock Transactions). At trial, the
jury found no DTPA violation or common-law fraud, but did find a violation of statutory fraud in
a real estate transaction, which is a strict liability statute. The jury found that the misrepresentation
about the crack in the foundation was made without actual awareness of its falsity. The jury then
awarded the Estridges $2,500 in damages, but found that the Estridges were 93% at fault for their
own damages. The trial court, instead of awarding damages as found by the jury, ordered rescission
of the contract, and imposed a constructive trust on the Davises' homestead, which was purchased
with the proceeds of the sale to the Estridges. 


Rescission

 In their first issue, the Davises complain that the trial court abused its discretion when it
rescinded the parties' fully performed contract without evidence or a finding that the Estridges
offered to reimburse the benefits conferred on them since the sale. Rescission of a contract is an
equitable remedy used as a substitute for monetary damages when such damages would not be
adequate. Scott v. Sebree, 986 S.W.2d 364, 368 (Tex. App.-Austin 1999, pet. denied). A district
court, in contemplation of exercising its traditional equitable powers, must weigh several factors to
determine whether a party's request for equitable relief should be granted, including: probability of
irreparable damage to the moving party in the absence of relief, (2) possibility of harm to the
nonmoving party if the requested relief is granted, and public interest. Wenner v. Texas Lottery
Comm'n, 123 F.3d 321, 325 (5th Cir. 1997). The judgment of a trial court granting an equitable
remedy should not be disturbed in the absence of a showing that the court abused its discretion or,
in other words, that an inequity resulted. Foust v. Hanson, 612 S.W.2d 251, 253 (Tex. Civ. App.-
Beaumont 1981, no writ). If the trial court abuses its discretion in ordering rescission, the resulting
judgment must be reversed. Ebberts v. Carpenter, 256 S.W.2d 601, 626-27 (Tex. Civ. App.-
Beaumont 1953, writ ref'd n.r.e.). 

 Normally, fraud vitiates all transactions, and if action is taken for a fraudulent purpose to
carry out a fraudulent scheme, such action is void and of no force or effect whatever; equity will
compel fair dealing, disregarding all forms and subterfuges, and looking only to the substance of
things. Libhart v. Copeland, 949 S.W.2d 783, 794 (Tex. App.-Waco 1997, no writ). However,
there are maxims of equity, some of which may apply to negate the application of equity. For
example, "he who seeks equity must do equity." Johnson v. Cherry, 726 S.W.2d 4, 8 (Tex. 1987). 
In the context of a sale of property, this means that before a buyer may rescind a contract, he must
give timely notice to the seller that the contract is being rescinded and either return, or, at least offer
to return, the property received and the value of any benefit derived from its possession. David
McDavid Pontiac, Inc. v. Nix, 681 S.W.2d 831, 836 (Tex. App.-Dallas 1984, writ ref'd n.r.e.). The
rule requiring the buyer to take such action is based on the view that before rescission can be granted,
the parties must be placed in status quo. Id., citing Mathis Equip. Co. v. Rosson, 386 S.W.2d 854,
869-70 (Tex. Civ. App.-Corpus Christi 1964, writ ref'd n.r.e.). However, the court may accomplish
this result by its judgment. Sudderth v. Howard, 560 S.W.2d 511, 516 (Tex. Civ. App.- Amarillo
1977, writ ref'd n.r.e.). 


Application of the Law

 The Estridges, in their Fourth Amended Petition, did ask for rescission of the contract, and
tendered the house and property. However, they failed to also tender the value that they obtained
from using the property for the time period between the purchase and trial. (3) Further, the trial court
did not take into consideration the benefits gained by the Estridges when it rendered judgment. The
trial court awarded the following: $175,000 for restoration of the consideration that Plaintiffs paid
Defendants for the subject Property; $45,835.62 for prejudgment interest; $9,650 for attorney's fees
through trial; and $450 for expert's fee. There was no credit given for the benefits derived by the
Estridges while in possession of the house and acreage. Consequently, the trial court failed to do
equity, and it was an abuse of discretion to grant rescission of the real estate contract and a
constructive trust on the Davis' homestead. Accordingly, we sustain issue one. (4) 


Proportionate Responsibility

 We must next address the question of whether the proportionate responsibility statute (Tex.
Civ. Prac. & Rem. Code Ann. § 33.001, et. seq. (Vernon 1997)) applies in this case. As we noted
earlier, the jury found that the Estridges were responsible for causing 93% of their own damages. 
If the proportionate responsibility statute applies in a statutory fraud case, then the Estridges'
negligence, as found by the jury, will completely bar their recovery of damages.

 Traditionally, negligence has never been a defense to fraud. See McCrary v. Taylor, 579
S.W.2d 347, 349 (Tex. Civ. App.-Eastland 1979, writ ref'd n.r.e.); Southern States Life Ins. Co.
v. Newlon, 398 S.W.2d 622, 626 (Tex. Civ. App.-Eastland 1966, writ ref'd n.r.e.); Blaine v. Lowery,
157 S.W.2d 713, 716 (Tex. Civ. App.-Dallas 1941, no writ). Further, after the 1995 amendments
to the proportionate responsibility statute, the Fourteenth Court of Appeals held that "[w]here one
has been induced to enter into a contract by fraudulent representations, the person committing the
fraud cannot defeat a claim for damages based upon a plea that the party defrauded might have
discovered the truth by exercising proper care." Mayes v. Stewart, 11 S.W.3d 440, 451 (Tex. App.-
Houston [14th Dist.] 2000, pet. denied). "[A] jury finding that the defrauded party should have
known, through the exercise of reasonable diligence, of the false representations is immaterial." Id. 
In addition, the proportionate responsibility statute does not specifically include the Fraud in Real
Estate and Stock Transactions statute within its application, as it does the DTPA. See Tex. Civ.
Prac. & Rem. Code Ann. § 33.002(h) (Vernon 1997). Neither has the legislature amended the fraud
statute to apply the proportionate responsibility scheme. Additionally, at least one appellate court
has held that contributory negligence is not a bar to a claim under section 27.01. Kerrville HRH,
Inc. v. City of Kerrville, 803 S.W.2d 377, 385 (Tex. App. - San Antonio 1990, writ denied). We
hold, therefore, that the proportionate responsibility statute does not apply to statutory fraud and,
thus, the Estridges' damages will not be barred or reduced by their negligence. Accordingly, we
overrule issue three. 

Conclusion 

 We reverse the trial court's judgment, reinstate the jury verdict, and render judgment for the
Estridges in the amount of $2,500 in actual damages, $9,650 in attorney's fees through trial, $450
for expert's fee, prejudgment interest, and costs of court. (5)



 SAM GRIFFITH 

 Justice



Opinion delivered December 21, 2001.

Panel consisted of Worthen, J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.








(PUBLISH)
1. In their reply brief, the Estridges complain of insufficiency of the evidence of the findings of negligence
against the Estridges and the $2500.00 in damages. However, we do not construe these complaints to be cross-points, since they are so indelibly intertwined with their response to the Davises' issues.
2. We also note that it is the plaintiff's burden to prove that he is deserving of equitable relief, including
showing that there is no adequate remedy at law. See Frost Nat'l Bank v. Burge, 29 S.W.3d 580, 596 (Tex. App.-
Houston [14th Dist.] 2000, no pet.). In the instant case, we can find no showing of irreparable harm.
3. Benefits derived from possession of the property could include the rental value of the house, the lease
value of the land, the benefit gained by running cattle on the land, the profit from growing a crop, such as hay, etc.
4. Because of a settlement agreement between the parties, and because we have reversed the trial court's
judgment of rescission, it is unnecessary for us to address the trial court's imposition of a constructive trust. 
5. Section 27.01 of the Texas Business & Commerce Code specifically provides for the recovery of
attorney's fees, expert witness fees, and costs of court to the party who proves a violation of 27.01.