NO. 07-06-0220-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 21, 2008

______________________________


DENNIS HOLT, INDIVIDUALLY AND D/B/A DENNIS HOLT

REAL ESTATE AND ANN HOLT, APPELLANTS

V.

DARYL ROBERTSON AND SELENA ROBERTSON, APPELLEES

________________________________

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY, TEXAS

NO. 35,814; HONORABLE RICHARD DAMBOLD, JUDGE




_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.


MEMORANDUM OPINION


          This dispute involves the rescission of an executed real estate sales contract
pertaining to the purchase and sale of a residence in Hutchinson County, Texas. The
sellers and Appellants herein, Dennis Holt, Individually and d/b/a Dennis Holt Real Estate,
and Ann Holt, seek to have this Court reverse the judgment which ordered the rescission
of that contract and awarded the purchasers and Appellees herein, Daryl Robertson and
Selena Robertson, recovery of the consideration paid pursuant thereto. Appellants
contend the (1) evidence is legally and factually insufficient to support the jury’s findings
of fraud and fraud in the inducement, (2) trial court abused its discretion in granting
Appellees the remedy of rescission, and (3) trial court erred in allowing recovery based
upon an inappropriate theory of damages for misrepresentation. We affirm.
Background
          In January of 2002, Appellants entered into a contract to sell their residence of thirty-one years to Appellees for $255,000. Pursuant to this contract, Appellants delivered to
Appellees a “Seller’s Disclosure Notice” as required by § 5.008 of the Texas Property
Code. The disclosure notice revealed, among other things, the presence of driveway
cracks, broom closet tile floor cracks, and previous water penetration into the residence. 
As was their right under the contract, Appellees retained a licensed real estate inspector
to inspect the property. The inspection of the residence was completed prior to closing and
Appellees were given a report from the inspector.
          The sale closed on February 27, 2002; however, by agreement of the parties,
Appellants retained possession of the residence until April 15, 2002. Shortly thereafter,
Appellees moved into the residence. After moving into the residence, Appellees began
experiencing various problems. For the first few days that Appellees were in the residence,
they noticed a strong odor. Over the next few months, they experienced problems with the
sewer system and the heating and air conditioning system. During this period of time, they
also learned that water had previously penetrated the sub-floor heating and air conditioning
ducts as well as a floor safe located within the residence. Appellees further learned that
Appellants had filed an insurance claim for sewage backup. Appellees experienced
sewage backups and based upon a post-closing plumbing inspection they learned that
sewage was seeping into the soil under the residence due to a leak in the drain pipe. 
Appellees also discovered the presence of mold and observed the accumulation of foil-laden dust.


 Concerned about their health, Appellees vacated the residence after
approximately ten months. In September of 2003, they brought the underlying action
against Appellants seeking rescission and recovery of damages.
          At trial, a jury found Appellants had committed a fraud against Appellees and had
fraudulently induced them into entering into the contract of sale. The jury also found that
Appellees’ own negligence caused the “incident in question,” and that Appellees caused
40% of any damages that they might have suffered. The jury further found damages
totaling $29,855.49. The trial court then ordered a rescission of the contract of sale and
ordered Appellants to return the consideration paid, plus interest from the date of filing
Plaintiff’s Original Petition. The trial court did not award any recovery based upon the jury’s
findings of negligence and damages.
I. Is the Evidence Legally and Factually Sufficient to Support the Jury Findings?
          In response to Question 1, the jury found that Appellants fraudulently induced the
Appellees into signing the contract in question; and, in Question 8, the jury found that 
Appellants had committed a fraud against Appellees. Based upon these findings, the trial
court entered judgment rescinding the contract and ordering that the parties be restored
to their pre-contract status. In their first issue, Appellants contend the judgment must be
reversed because the evidence supporting the jury’s findings is legally and factually
insufficient. We disagree.
          A. Multiple Basis for Relief Granted
          Appellees fraud and fraudulent inducement claims were based upon two general
categories of alleged misrepresentation: (1) affirmative representations that were false, and
(2) existence of material facts that were not disclosed. The elements of a cause of action
based upon a false affirmative representation are: (1) that a representation was made; (2)
the representation was material; (3) the representation was false; (4) when the
representation was made, the speaker either knew it was false or made it recklessly
without any knowledge of the truth and as a positive assertion; (5) the speaker made the
representation with the intent that the other party should act upon it; (6) the party acted in
reliance on the representation; and (7) the party suffered injury as a result thereof. In re
FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001); Ernst & Young v. Pacific Mut. Life
Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001). The elements of fraud by nondisclosure are:
(1) concealment or failure to disclose a fact; (2) the fact was material; (3) the nondisclosing
party had a duty to disclose the fact to the complaining party; (4) the nondisclosing party
knew the complaining party was ignorant of the fact and the complaining party did not have
an equal opportunity to discover the fact; (5) by failing to disclose the fact, the
nondisclosing party intended to induce the complaining party to take some action or refrain
from acting; (6) the complaining party relied upon the nondisclosing party’s nondisclosure;
and (7) the complaining party was injured as a result of acting without knowledge of the
undisclosed fact. Bradford v. Vento, 48 S.W.3d 749, 754-55 (Tex. 2001). 
          Because the jury’s response to Questions 1 and 8 could be based up either an
affirmative representation or nondisclosure, the jury’s findings will not be overturned on
appeal if it is sustainable under either basis. Furthermore, because the judgment granting
rescission could be based upon either the jury’s findings of fraud or fraudulent inducement,
unless otherwise inappropriate, the judgment will not be reversed if it is supportable under
either theory. 
          B. Standard of Review
          When both legal and factual sufficiency challenges are raised on appeal, the
reviewing court must first examine the legal sufficiency of the evidence. See Glover v. Tex.
Gen. Indemnity Co., 619 S.W.2d 400, 401 (Tex. 1981). In conducting a legal sufficiency
review, we must consider the evidence in the light most favorable to the verdict and indulge
ever reasonable inference that supports the verdict. City of Keller v. Wilson, 168 S.W.3d
802, 821-22 (Tex. 2005). That is to say, this Court must credit favorable evidence if
reasonable jurors could and disregard contrary evidence unless reasonable jurors could
not. Id. at 827. The trier of fact is the sole judge of the credibility of the witnesses and of
the weight to be given to their testimony. Id. at 819. The reviewing court may not
substitute its judgment for that of the jury, so long as the evidence falls within the zone of
reasonable disagreement. Id. at 822. But if the evidence allows only one inference,
neither the jurors nor the reviewing court may disregard it. Id. The evidence is legally
sufficient if it would enable reasonable and fair-minded people to reach the verdict under
review. Id. at 827. 
          In reviewing a legal sufficiency issue, we may sustain the challenge only when (a)
there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of
law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c)
the evidence offered to prove a vital fact is no more than a mere scintilla of evidence, or
(d) the evidence conclusively establishes the opposite of the vital fact in question. Id. at
810; King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 541
U.S. 1030, 124 S.Ct. 2097, 158 L.Ed.2d 711 (2004). 
          In reviewing factual sufficiency, the reviewing court must consider, examine, and
weigh the entire record, considering both the evidence in favor of, and contrary to, the
challenged findings. Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex.
1998), cert. denied, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998). In doing so,
the court no longer considers the evidence in the light most favorable to the finding;
instead, the court considers and weighs all the evidence, and sets aside the disputed
finding only if it is so contrary to the great weight and preponderance of the evidence as
to be clearly wrong and unjust. Id. at 407.
          C. Analysis
          1. Legal Sufficiency
          Appellants contend the jury’s fraud and fraudulent inducement findings cannot
withstand a legal sufficiency analysis because there is a complete absence of evidence of
a vital fact, to-wit: Appellants’ misrepresentation of a material fact or knowledge of a
material fact not disclosed to Appellees in the pre-closing contract process. Appellants
further contend that, prior to closing, Appellees were aware of some of the complained of
defects, thereby conclusively establishing the opposite of a vital fact in question, to-wit:
reliance upon the alleged misrepresentation or nondisclosure. Thus, Appellants challenge
the legal sufficiency of the evidence supporting the “false representation and/or
nondisclosure” and “reliance” elements of the jury’s fraud findings. See FirstMerit Bank,
52 S.W.3d at 758. 
          a.       False Representations
          Appellees contend Appellants represented that there were new sewer lines installed. 
In response, Appellants contend they merely represented that the sewer lines were
replaced from the street to the house, where new clean-out plugs had been installed in
both the original sewer line and a subsequently installed sewer line which was established
when they added-on a new bathroom in the 1980s. A post-closing inspection confirmed
that there was a sewer line from the bathroom addition to the main sewer line, but that
there were not two distinct sewer lines connected to the city main. The inspection further
established that neither sewer line was new. Because this evidence would enable
reasonable and fair-minded jurors to find that Appellants made an affirmative
representation of a material fact that subsequently proved to be false, the evidence of a
false representation was legally sufficient. 
          b.       Nondisclosure of Material Facts
          Appellees also contend Appellants failed to disclose problems with the sewer. 
Specifically, they offered evidence that the sewer line was damaged and leaking, thereby
allowing raw sewage to seep into the soil beneath the house. Appellees offered evidence
that the leaking sewer line caused the residence to have a foul odor and that Appellants
may have been aware of those odors because they took affirmative steps during the sales
negotiation process to mask the odor by burning candles. Furthermore, Appellees offered
evidence that Appellants had experienced previous plumbing problems and had even filed
an insurance claim for damages caused by sewage backup.
          Appellees further contended that Appellants had failed to disclose problems with the
heating and air conditioning duct work. Appellees offered evidence that the duct work had
been damaged by water penetration. The duct work was a sub-floor system that contained
evidence of deterioration due to the presence of water. There were both rust and water
stains within the system and the foil lined duct work was shedding foil particles that were
circulated into the residence whenever the system was running. Appellants contend that
their disclosure statement revealed previous water penetration. However, evidence was
presented that the water penetration referenced in the Seller’s Disclosure Statement was
in reference to water that entered the residence from the back door. 
          Appellants denied knowledge of these undisclosed defects. In an effort to establish
that they were unaware of these defects, they relied heavily upon the pre-closing
inspection conducted on behalf of Appellees. While the inspection report does support an
inference, albeit marginal, that Appellants were unaware of any latent defects prior to
closing, it does not conclusively establish that fact. Appellants’ knowledge, or lack thereof,
of an undisclosed defect was a fact question to be resolved by the trier of fact. Where the
jury’s determination is not against the great weight and preponderance of the evidence,
any argument that Appellants were unaware of an undisclosed defect must be resolved in
favor of the fact finder. The evidence was legally sufficient to establish that Appellants
failed to disclose a material fact that they were under a duty to disclose.
          c.       Reliance
          Appellants also contend that the jury’s fraud and fraudulent inducement findings
cannot withstand a legal sufficiency analysis because the evidence conclusively
establishes the opposite of the vital fact in question, to-wit: Appellees’ reliance upon the
misrepresentation or failure to disclose.
          In this regard, Appellants contend Appellees were either aware of the complained
of misrepresentation, or that they had an opportunity to discover the undisclosed defect
when they exercised their contractual right to have the premises inspected prior to closing. 
The Seller’s Disclosure Notice did not put Appellees on notice of the absence of new sewer
lines, the leaking sewer line, or the prior water penetration into the heating and air
conditioning duct work. Appellees contend, and we agree, that their pre-closing inspection
report’s failure to disclose defects does not give rise to an inference that they had any pre-closing knowledge of those defects. Likewise, the repairs recommended by the inspection
report, specifically the recommendation that the heating and air conditioning system was
not functioning or needed repair, do not give rise to an inference that Appellees were
aware of the condition of the sewer lines or heating and air conditioning duct work. Finally,
the disclaimers contained in the inspection report concerning the non-performance of tests
beyond the scope of the inspection (e.g. hydro-static testing of sewer lines, and mold and
air-quality testing) does not raise an inference of anything relevant to the determination of
the “reliance” element of the jury’s fraud findings. 
          Reasonable and fair-minded jurors could have found that Appellees relied upon
Appellants’ misrepresentations and that they acted without knowledge of undisclosed
material facts. Appellants’ legal sufficiency contention is overruled.
          2. Factual Sufficiency
          Appellees argue that Appellants’ factual sufficiency point is not preserved for appeal
because it was not raised in a motion for new trial. See Tex. R. Civ. P. 324(b)(2); Cecil v.
Smith, 804 S.W.2d 509, 510 (Tex. 1991) (motion for new trial is a prerequisite to factual
sufficiency complaint on appeal in a jury case). We agree. Appellants factual sufficiency
contention is overruled. Having overruled both the legal and factual sufficiency
contentions, issue one is overruled.
II. Did the Trial Court Abuse its Discretion in Ordering Rescission?
          A. Rescission
          Judicial rescission is an equitable remedy that seeks to set aside an otherwise legal
contract due to fraud, mistake, or for some other reason when it is necessary to avoid
unjust enrichment of the non-complaining party to the contract, so that the parties thereto
may be restored, insofar as is possible, to the status or position they were in prior to
execution of the contract. Isaacs v. Bishop, No. 06-05-0092-CV, 2008 WL 680795, *5
(Tex.App.–Texarkana March 14, 2008, no pet. h.). As between the parties, a contract
subject to rescission is not void, but is voidable. After performance of the contract, the
transaction remains voidable, and rescission remains a viable option, so long as the status
quo of the parties prior to entry of the contract can be restored. Until the transaction has
been rescinded, the parties remain in the position they were in after performance of the
contract but prior to the rescission, i.e., in the context of an executed real estate sales
contract, the grantee has the right to possession of the property and the grantor has no
interest in the property. Terry v. Baskin, 27 S.W.2d 857 (Tex.Civ.App.–Austin 1930), rev’d
on other grounds, 44 S.W.2d 929 (Tex. 1932).
          Rescission is a harsh remedy generally not favored by the courts, and it will not be
granted where other relief is available unless the relative equities, when weighed by the
court, clearly favor the party seeking rescission. Little v. Kennedy, 195 S.W.2d 255, 260
(Tex.App.–Amarillo 1946, writ ref’d n.r.e.). When contemplating the remedy of rescission,
the trial court must weigh several factors to determine whether a party’s request for
rescission should be granted, including, but certainly not limited to: (1) probability of
irreparable damage to the requesting party in the absence of relief; (2) possibility of harm
to the non-complaining party if the requested relief is granted; (3) the status quo of the
parties, i.e., whether they are presently in or can be placed in the status or position they
were in prior to execution of the contract; (4) whether any retained benefits can be restored
to the other party; (5) whether rescission will in fact restore the parties to their former
position; (6) whether the party seeking rescission has “clean hands”; (7) whether the
complaining party has another adequate remedy at law; and (8) the public interest. Isaacs,
2008 WL 680795, *5; Davis v. Estridge, 85 S.W.3d 308, 310 (Tex.App.–Tyler 2001, pet.
denied). 
          To be entitled to rescission, a party must plead and prove the absence of an
adequate remedy at law. See Davis, 85 S.W.3d at 310; Ryan v. Collins, 496 S.W.2d 205,
209 (Tex.Civ.App.–Tyler 1973, writ ref’d n.r.e.); Chenault v. County of Shelby, 320 S.W.2d
431, 433 (Tex.Civ.App.–Austin 1959, writ ref’d n.r.e.). Furthermore, the party requesting
rescission must show that either there are no retained benefits received under the contract
which are not being restored to the other party, or that there are equitable considerations
that obviate the need for restoration of the status quo. Isaacs, 2008 WL 680795, at *5. 
An inability to return the parties to their pre-contract positions is only one factor that should
be considered in determining whether rescission would be equitable. Id. Likewise, the
“clean hands” of the party seeking rescission is only a factor for the trial court to consider. 
See Schenck v. Halliday Real Estate, Inc., 803 S.W.2d 361, 367 (Tex.App.–Fort Worth
1990, no writ).
          Therefore, in order to be entitled to rescission of a transaction involving real
property, the party seeking rescission must, as condition precedent, first return, or offer to
return either the property


 or the purchase price received for it,


 together with the value of
any benefit derived from its possession.


 A party will not be permitted to repudiate the
transaction and, at the same time, retain the benefits received. Where rescission of a
transaction results in a return of the property, equity requires that the parties be made
whole for such matters as placing valuable improvements on the property,


 expenditures
for insurance, taxes, and repairs.



          B. Standard of Review
          The decision to allow rescission lies strictly within the sound discretion of the trial
court. Issacs, 2008 WL 680795, at *5. The decision of the trial court to grant the equitable
remedy of rescission should not be disturbed in the absence of a showing that the court
abused its discretion. Davis, 85 S.W.3d at 310. Therefore, the determinative question is
whether the trial court abused its discretion when it granted Appellees’ request for
rescission. The test for an abuse of discretion is not whether, in the opinion of the
reviewing court, the facts present an appropriate case for rescission; rather, it is a question
of whether the trial court’s decision was arbitrary or unreasonable because the court acted
without reference to any guiding rules and principles. See Carpenter v. Cimarron
Hydrocarbons Corp., 98 S.W.3d 682, 687 (Tex. 2002). The mere fact that this Court may
have decided the question differently does not demonstrate such an abuse. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985). 
          C. Analysis
          Appellants contend that Appellees are not entitled to the remedy of rescission
because Appellees did not come into court with clean hands. In support of this argument,
Appellants contend Appellees’ negligence, as found by the jury, was a proximate cause of
their damages and, therefore, evidence of their unclean hands. In response, Appellees
contend that Appellants’ fraud precludes them from invoking the clean hands doctrine. As
previously stated, the clean hands of the party seeking rescission is but one factor that the
trial court must consider in determining the relative equitable position of the parties. 
Furthermore, the jury’s finding of negligence pertains to an apportionment of post-closing
monetary damages and does not pertain to the fraud that forms the basis for Appellees’
rescission claim. Under the facts of this case, we cannot say that the lack of clean hands
by Appellees was such that the trial court abused its discretion by granting rescission.
          Appellants further contend that Appellees failed to give notice of rescission or
restore or offer to restore the status quo because Appellees demanded (1) return of the
consideration paid, plus (2) the cost of repairs made. A party requesting rescission may
recover the reasonable cost of repairs made to the property being returned. Therefore, the
demand made by Appellees was nothing more that what they were entitled to under the
law. Under these facts, we cannot say the trial court abused its discretion in finding that 
Appellees did give notice of their intent to seek rescission and did not breach the equitable
maxim of restoration of the status quo.
          Next, Appellants contend Appellees failed to offer to compensate them for the
“ownership benefits” such as the fair rental value of the property during their possession. 
In order to do equity, the trial court was required to consider the time value of benefits
derived by each party during the period of time from execution of the contract to rescission.
Any inequity arising from the lapse of time should be considered and adjusted by the court
as a part of the rescission order. Davis, 85 S.W.3d at 311. 
          The judgment entered by the trial court did award Appellees the time value of the
consideration they paid at closing (viz. $261,228.60) by awarding pre-judgment interest
from the date of filing suit until the date of judgment. Therefore, from the date of closing
until the date of filing suit, Appellees received the ownership benefit of the property and
Appellants received the ownership benefit of the consideration paid. Furthermore, the trial
court did not give Appellees credit for the repairs they made to the property prior to their
claim for rescission. Under these circumstances, we cannot say that the trial court did not
consider the benefits derived by each party, nor can we say that the court abused its
discretion by offsetting these amounts. Accordingly, we cannot say that the trial court
failed to do equity or that it was an abuse of discretion to order the rescission of the real
estate contract in question. Consequently, issue two is overruled. 
III. Is the Jury Finding of Damages Supported by a Proper Damage Theory?
          A suit for rescission depends upon disaffirmance of the underlying contract and it
invokes the equitable jurisdiction of the court; whereas an action to recover damages for
a breach of contract is based upon affirmance of the underlying contract and does not
address the equitable jurisdiction of the court. Branham v. Short, 526 S.W.2d 639, 641
(Tex.Civ.App.–Fort Worth 1975, no writ). Rescission of a contract involving the sale of real
property is an equitable remedy used as a substitute for monetary damages when such
damages would be inadequate. Isaacs, 2008 WL 680795, at *5. Because the trial court
did not award and Appellees do not seek recovery of damages based upon the jury
findings, we pretermit consideration of Appellants’ third issue pertaining to an alleged
improper measure of damages. While we are mindful of this contention, our disposition
of Appellants’ first two issues eliminates the necessity that we consider issue three.


 Conclusion
          Accordingly, the trial court’s judgment is affirmed.
                                                                           Patrick A. Pirtle

                                                                                 Justice