FRANK A. SPENCER, JR., as Receiver of the Estate of MICHAEL BERNSTEIN and MITCHELL BERNSTEIN, Copartners Doing Business under the Name of BERNSTEIN & BERNSTEIN, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, July 13, 1917.

Municipal corporations — city of New York — section 1541 of the Greater New York charter construed — appropriations from which expense of preparing plans and specifications for greenhouses may be paid — estoppel.

Under section 1541 of the Greater New York charter, providing that " no expense shall be incurred by any of the departments, boards or officers thereof unless an appropriation shall have been previously made covering such expense, nor any expense in excess of the sum appropriated in accordance with law," the expense of preparing plans and specifications for greenhouses may be paid from an appropriation made for their construction.

But such payment may not be legally made from an appropriation " to provide means for the acquisition and construction of parks, parkways, play grounds, boulevards and driveways in the Boroughs of Manhattan and Richmond."

An illegal payment from the latter appropriation cannot, however, estop the city from claiming that it was improperly made.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of November, 1916, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 25th day of October, 1916, denying defendant's motion for a new trial made upon the minutes.

*Charles J. Nehrbas,* for the appellant.

*Robert J. Culhane,* for the respondent.

SMITH, J.:

On May 4, 1906, the board of estimate and apportionment appropriated $25,000 for the construction of greenhouses in Central Park. In November thereafter the park commissioner made a contract for the construction of a palmhouse and three greenhouses for $23,425. Prior to the making of the appropriation in May, and upon January 11, 1906, the park commissioner wrote to Bernstein & Bernstein for plans and specifications for a palmhouse and eight greenhouses, appointing Bernstein & Bernstein architects to prepare the same. In that letter it was provided that for furnishing said plans and specifications and supervising the work Bernstein & Bernstein were to receive five per cent of the actual cost of the work, " to be paid  *  *  *  2½% upon the estimated cost of the work after the plans and specifications have been approved and 2½% upon the estimates of the contractor, as certified to by the architects, which together with the 2½% herewith authorized to be paid for preparing the plans, specifications and estimates, shall equal a total of 5% on the actual cost." Bernstein & Bernstein were paid five per cent on the actual cost of the construction of the palmhouse and three greenhouses thereafter con-

structed. The park commissioner never made contracts for the construction of the other greenhouses, and this action is brought to recover the remaining five per cent upon what would be the actual cost of the construction of the eight greenhouses for which plans and specifications were made pursuant to the letter of January 11, 1906, that is, the five per cent upon what would be the cost of the construction of the five greenhouses which were not in fact constructed. The trial court directed a verdict for the plaintiff for the full amount claimed which, with interest and costs, is represented by the judgment from which this appeal is taken.

By section 1541 of the charter of the city of New York it is provided that " No expense shall be incurred by any of the departments, boards or officers thereof, unless an appropriation shall have been previously made covering such expense, nor any expense in excess of the sum appropriated in accordance with law." (Laws of 1901, chap. 466, § 1541; since amd. by Laws of 1910, chap. 543.) The expense of preparing plans and specifications for additional greenhouses would seem to be incidental to their construction and to be payable only from an appropriation made for that specific purpose. Inasmuch, therefore, as $25,000 only has been appropriated for the construction of said greenhouses and the actual contract for their construction amounted to $23,425, there would be left for payment to the architects only the sum of $1,575. Of this amount they have been paid the sum of $1,167.50, leaving the sum of $407.50 of said balance unexpended.

It appears under the contract contained in this letter of January eleventh that Bernstein & Bernstein were to be paid for the plans and specifications two and one-half per cent of the estimated contract price, and in addition to that they were to receive two and one-half per cent upon the actual cost of construction for supervision. The estimated cost of the work amounted to $38,100. Two and one-half per cent of that equals $952.50. The actual cost of construction of the greenhouses that were actually built amounted to $23,425. Two and one-half per cent upon that equals $585.62. That added to $952.50 makes the amount $1,538.12, which is payable, provided there is sufficient appropriation therefor. Subtract from $1,538.12, the amount actually paid to Bern-

stein & Bernstein of $1,167.50, makes $370.62. This sum being less than the unexpended balance of the appropriation, the plaintiff is entitled to the sum of $370.62, with interest from the date of the demand on the comptroller.

The plaintiff, however, contends for an affirmance of the judgment upon the ground that upon March 16, 1905, there was an appropriation made of $350,000 " to provide means for the acquisition and construction of parks, parkways, playgrounds, boulevards and driveways, in the Boroughs of Manhattan and Richmond." He claims that this appropriation is for purposes broad enough to include the building of these greenhouses, and, therefore, that an appropriation had been made sufficient to authorize the making of this contract. In this contention I do not agree. It is clear that placing greenhouses does not come within any of the specified improvements mentioned in the resolution of the board of estimate and apportionment in which this $350,000 was appropriated. It is true that $400 of the Bernstein & Bernstein claim was paid out of this appropriation and prior to the specific appropriation for the building of these greenhouses. This illegal payment, however, clearly cannot estop the city from claiming that the payment was improperly made, and when the appropriation of $25,000 was thereafter made for the building of the said greenhouses, the comptroller was clearly authorized to retain from such $25,000, the fund from which part of the expense had been theretofore illegally taken.

It follows that the judgment should be reduced to the sum of $370.62, with interest and costs, and as reduced affirmed, without costs to either party.

SCOTT, DOWLING, PAGE and SHEARN, JJ., concurred.

Judgment modified as directed in opinion, and as modified affirmed, without costs. Order to be settled on notice.