The **FIRST NATIONAL BANK OF BOWIE,**
Appellant,

v.

**Eugene M. ELAM, Appellee.**

No. 16938.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 20, 1968.

Rehearing Denied Oct. 18, 1968.

T. B. Coffield, Bowie, Ernest May, Fort Worth, for appellant.

C. W. Chandler, Jr., Bowie, Douthitt & Ritter, and Robert Ziesenheim, Wichita Falls, for appellee.

## OPINION ON REHEARING

LANGDON, Justice.

Motion for rehearing is granted. Our opinion of June 21, 1968, is withdrawn and the following substituted in lieu thereof:

On October 5, 1963, The First National Bank of Bowie entered into a written contract with Eugene M. Elam, architect, to make alterations and additions to its Bank Building.

The contract provided that Elam was to be paid for his basic services six per cent of the project construction cost.

In paragraph IV, sub. 1, project construction cost was defined as "the total cost of all work designed or specified by the Architect" and in sub. 2, "Project construction cost shall be based upon one of the following sources with precedence in the order listed: (a) Lowest acceptable bona fide Contractor's proposal received for any or all portions of the Project."

The cost of construction was not fixed in the contract. The plans were not formally accepted by the Bank. Elam was told that changes in some area, not specified, were to be made and that some of the costs would have to be pared after the bids were received.

An invitation for bids was issued by Elam. Several were submitted. John W. Webb, Inc., submitted the lowest bid in the sum of $238,979. This bid was not accepted by the Bank. Webb's bid was reduced to $221,681.33, which revised bid was acceptable to the Bank. Elam was paid a six per cent commission on this amount. By this suit he seeks an additional six per cent on the difference between the original bid submitted by Webb and the reduced figure, which latter figure represents "project construction cost."

In our opinion the contract in question very clearly provides that Elam was entitled only to six per cent of the project construction cost. He was paid this amount. The "lowest acceptable bona fide Contractor's proposal" as submitted was revised downward before it was, under the terms of the contract, "accepted." The revised figure, which was accepted by the Bank represented the project construction cost, and the architect's fee should be based upon this amount.

As our Supreme Court said in Woods v. Sims, 154 Tex. 59, 273 S.W.2d 617, 620 (1954): "Generally the parties to an instrument intend every clause to have some effect and in some measure to evidence their agreement, and this purpose should not be thwarted except in the plainest case of necessary repugnance."

In our opinion the cases of Baylor University v. Carlander, 316 S.W.2d 277 (Dallas. Civ.App.1958, ref. n. r. e.); and Chenault

v. County of Shelby, 320 S.W.2d 431 (Austin Civ.App.1959, ref. n. r. e.), relied upon by the appellee, have no application to the facts of this case.

The judgment of the trial court is reversed and judgment here rendered that the plaintiff take nothing by his suit.