

# NUMBER 13-11-00480-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ELDA GARZA,**                                                                 **Appellant,**

**v.**

**LONE STAR NATIONAL BANK,**                                          **Appellee.**

---

### On appeal from the 206th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Elda Garza, appellant, sued Lone Star National Bank ("LSNB" or "the Bank"), appellee, alleging that the Bank breached a settlement agreement reached between the parties in a prior lawsuit. She appeals the trial court's order which granted a final summary judgment in favor of the Bank. By two issues, Garza argues that because she submitted sufficient evidence to create fact issues, (1) a no-evidence summary judgment was improper; and (2) a traditional summary judgment was improper. We affirm because the

record shows that Garza did not produce any evidence of the damages element of her breach-of-contract claim.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Over the course of several years, Garza borrowed money from the Bank for various business expenses. Each of the loans was secured by a certificate of deposit that Garza had previously delivered to the Bank. In addition, Garza and a business partner, Beatriz Garza, executed personal guaranties on various loans. In December 2000, the Bank loaned $173,000 to Garza, individually, which she used to pay off existing loans. The "payoff loan" and all renewals thereof were executed solely by Garza and secured by a pledge of her certificate of deposit.

A dispute arose between Garza and the Bank concerning the outstanding balance of the payoff loan. Garza filed suit against the Bank, and the parties subsequently resolved the lawsuit by settlement.[2] Pursuant to the terms of the settlement agreement, the Bank received the full amount of the certificate of deposit, but forwent receipt of the remaining loan balance of $5,600.48.

Paragraph six of the settlement agreement includes the language at issue in this case. That paragraph, as shown with its single strike through, highlighted language, and all of its interlineations (italicized herein), reads as follows:

> The Parties to this **Agreement** acknowledge that as of the date that the settlement agreement was dictated in open court and approved by Judge

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] *See Elda Garza v. Lone Star National Bank and Mary V. Garcia*, cause number C–2068–02–D in the 206th Judicial District Court of Hidalgo County, Texas.

Rose Guerra Reyna, **Plaintiff Garza** had an outstanding balance, including principal and interest, of **$183,664.33**; moreover she had a certificate of deposit in the total amount of **$178,015.85** pledged to secure said obligation. Plaintiff agrees that Lone Star National Bank may take proceeds of the certificate of deposit to ~~pay and otherwise satisfy~~ *purchase* the note and obligation with **Defendant LSNB**. The **Defendant LSNB** agrees to waive or forego receipt of the balance of **$5,600.48** which balance is owed by **Plaintiff Garza** after payment by the proceeds of the **Plaintiff Garza's** certificate of deposit. *LSNB agrees to assign the notes and rights if any and guarantees to Plaintiff. (executed by Plaintiff and Beatriz Garza)*

Garza filed the present lawsuit against the Bank alleging that the Bank breached the settlement agreement by failing to assign "and turn over physical possession of the original notes, guaranties and other security (excluding the Plaintiff's certificate of deposit) evidencing the original debts against Plaintiff and a third party [Beatriz Garza]." Garza alleged that the Bank's failure "resulted in the loss of the ability of Plaintiff to proceed in a lawsuit against the third party [Beatriz Garza] for the amount due on the note. The notes in question are the original notes for which Plaintiff pledged her certificate of deposit." Garza sought to recover "for breach of contract in the sum of $178,015.85," which was the dollar amount of the certificate of deposit that the Bank received pursuant to the settlement agreement. Aside from seeking attorney's fees and prejudgment interest, she did not assert any other grounds or claims for damages or equitable relief.

In its answer, the Bank specifically denied it had any rights in a note or guaranty that it could assign under the settlement agreement. The Bank also pleaded a defense of recoupment or set off, asking that if the trial court awarded Garza a rescission of the settlement agreement by ordering the Bank to refund to Garza the $178,015.85, the Bank would be entitled to a set off to cover the principal and any accrued interest on the $173,000 loan it made to Garza.

3

After sufficient time for discovery passed, the Bank filed a no-evidence and traditional motion for summary judgment. By its no-evidence motion for summary judgment, the Bank asserted that Garza did not have any evidence that would show that the Bank breached the settlement agreement, and that Garza did not have any evidence that would show "how she sustained any damages." As to the damages element, the Bank added that Garza had no evidence which would show: (1) that but for the Bank's alleged failure to assign the notes and guarantees, she would have been successful in a lawsuit against a third party; and (2) that she would have been able to collect on the judgment against the third party.[3]

The trial court granted summary judgment in favor of the Bank without specifying whether it was granting relief under the no-evidence or traditional motion and without specifying the grounds for summary judgment. This appeal followed.

## II. STANDARD OF REVIEW

When an order granting summary judgment does not specify the grounds on which summary judgment was granted, a court may uphold it on any meritorious ground presented in the motion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004). When a party moves for a traditional summary judgment and a no-evidence summary judgment, we will first review the trial court's judgment under the no-evidence standard. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the appellant fails to produce more than a scintilla of evidence under that burden, then there is no need to

---

[3] In its traditional motion for summary judgment, the Bank contended that under the doctrine of equitable subrogation, Garza "had subrogated to the [Bank's] rights" in the two notes and personal co-guarantees (loans made to Garza and Beatriz Garza as business partners and as personal co-guarantors of the loans) in December 2000 when Garza paid off the two notes with her own promissory note "after the subject notes matured and became delinquent." The Bank asserted that, as a result, at the time of the settlement agreement and thereafter, the Bank did not have any rights in the notes and guarantees it allegedly failed to assign to Garza.

4

analyze whether appellee's summary judgment evidence satisfies the traditional rule 166a(c) burden. *Id.* (citing TEX. R. CIV. P. 166a(c)).

In reviewing a no-evidence summary judgment, we ascertain whether the nonmovant pointed out summary judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all of the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

A settlement agreement is a contract between parties, a breach of which gives rise to a cause of action for breach of contract. *See Padilla v. LaFrance*, 907 S.W.2d 461–62 (Tex. 1995); *see also Qaddura v. Indo-European Foods, Inc.*, 141 S.W.3d 882, 888 (Tex. App.—Dallas 2004, pet. denied) (analyzing claim for breach of settlement agreement as a breach of contract). A claim for breach of contract includes the following essential elements: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *See Scott v. Sebree*, 986 S.W.2d 364, 372–73 (Tex. App.—Austin 1999, pet. denied); *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ).

5

Damages to the claimant resulting from the alleged breach is one of the essential elements of a breach-of-contract claim. *See WTG Gas Processing, L.P. v. ConocoPhillips Co.,* 309 S.W.3d 635, 643 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); *see also B.Z.B., Inc. v. Clark*, No. 14-11-00056-CV, 2012 WL 353783, at *2 (Tex. App.—Houston [14th Dist.] Feb. 2, 2012, no pet.) (mem. op.). "The universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained." *Qaddura*, 141 S.W.3d at 888 (citing *Stewart v. Basey*, 150 Tex. 666, 670; 245 S.W.2d 484, 486 (1952)). The most common interest protected in breach of contract cases is the expectation, or benefit-of-the-bargain, interest. *Id.* at 888–89.

In contrast to a legal remedy for breach of contract, the equitable remedy of rescission allows a non-breaching party to avoid the contract and obtain the return of any consideration paid if the non-breaching party pleads and proves, among other things, that it has no adequate remedy at law for damages. *See Ferguson v. DRG/Colony N., Ltd.*, 764 S.W.2d 874, 886 (Tex. App.—Austin 1989, writ denied) (holding that the evidence showed lack of adequate legal remedy); *see also Costley v. State Farm Fire & Cas. Co.*, 894 S.W.2d 380, 386 (Tex. App.—Amarillo 1994, writ denied) (holding that the evidence showed lack of adequate legal remedy); *Ryan v. Collins*, 496 S.W.2d 205, 209–10 (Tex. Civ. App.—Tyler 1973, writ ref'd n.r.e.) (discussing elements of rescission); *Chenault v. County of Shelby*, 320 S.W.2d 431, 433–35 (Tex. Civ. App.—Austin 1959, writ ref'd n.r.e.) (same).

## III. DISCUSSION AND ANALYSIS

In her first issue, Garza argues that the no-evidence summary judgment on damages was improper because the Bank accepted the value of the certificate of deposit, $178,015.85, but did not fulfill its obligation to assign the notes and guarantees. Garza

6

argues that she presented evidence of her damages by showing that the Bank accepted the value of the certificate of deposit.

The parties do not dispute the terms of the settlement agreement, and that in accordance with the settlement agreement, the Bank obtained the value of the certificate of deposit. The Bank does contend, however, that Garza presented no summary judgment evidence showing: (1) her inability to bring suit against a third party "for the amount due on the note" resulted from the Bank's alleged failure to assign the notes and guarantees; or (2) the value of her suit against the third party. *See Qaddura*, 141 S.W.3d at 888–89 (discussing expectation damages that resulted from a breach of a settlement agreement); *see also B.Z.B., Inc.*, 2012 WL 353783, at *2–3 (explaining why summary judgment evidence was insufficient to raise a fact issue on damages and affirming a no-evidence summary judgment for breach of a settlement agreement).

In response to the Bank's no-evidence motion for summary judgment, Garza filed the affidavit of her trial counsel.[4] Even considering, for the sake of argument only, that trial counsel's affidavit is competent summary judgment evidence,[5] it provides no evidence of damages resulting from the alleged breach. The affidavit does not raise a fact issue on whether Garza's alleged inability to proceed in a lawsuit against the third party resulted from the Bank's alleged failure to assign the notes and guarantees. The affidavit is also conclusory because it simply rehashes the legal argument that because the Bank obtained

---

[4] Garza's response also includes copies of: (1) a transcript of the 2006 hearing in the earlier lawsuit during which the settlement agreement was read into the record; (2) the settlement agreement; (3) the joint motion to dismiss the earlier proceeding; and (4) the agreed order of dismissal of the earlier proceeding.

[5] *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a), *reprinted* in TEX. GOV'T CODE, tit. 2, subtit. G, app. A (West 2005) (generally prohibiting a lawyer from accepting or continuing employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a necessary witness to his client's case).

the value of the certificate of deposit, but did not assign any notes or guarantees to Garza, Garza should receive a refund of the value of the certificate of deposit. The affidavit does not present a scintilla of evidence showing how Garza was damaged by the Bank's failure to assign the notes or guarantees or what amount of damages may have been obtained against the third party. As such, there is no evidence of damages for any alleged breach of the settlement agreement.

Garza's argument overlooks the undisputed fact that Garza received the benefit of her bargain under the settlement agreement by the Bank releasing her from liability on the payoff loan, by forgiving her of the remaining balance of the payoff loan, and by obtaining dismissal of the lawsuit between them. In addition, Garza did not plead a cause of action for rescission. Even if she had, however, her evidence would be insufficient to withstand the Bank's no-evidence motion for summary judgment on damages because she presented no evidence that she lacks an adequate remedy at law for damages. *See Ferguson*, 764 S.W.2d at 886 (holding trial testimony presented more than a scintilla of evidence that the party lacked an adequate remedy at law to support an award of rescission damages); *see also Costley*, 894 S.W.2d at 386 (discussing how evidence showed lack of an adequate legal remedy and thus supported rescission of insurance contract).

Under the applicable standard of review, the summary-judgment evidence does not raise a genuine issue of material fact regarding whether Garza sustained damages as a result of the alleged breach of contract. The trial court did not err in granting the Bank's no-evidence summary judgment motion. Accordingly, we overrule Garza's first issue on appeal. In light of our disposition of this issue, we need not reach Garza's second issue

8

concerning the Bank's traditional motion for summary judgment.  *See* TEX. R. APP. P. 47.1;

*see also Ridgway*, 135 S.W.3d at 600.

### III.  CONCLUSION

We affirm the trial court's judgment.

_____
Gregory T. Perkes
Justice

Delivered and filed the
15th day of November, 2012.

9
