

# NUMBER 13-18-00665-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

EDAISY CHAPA,                                                          Appellant,

v.

ERNESTO ARELLANO AND
MARIA ARELLANO,                                                       Appellees.

## On appeal from the 206th District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Memorandum Opinion by Chief Justice Contreras**

Appellant Edaisy Chapa appeals from a summary judgment granted in favor of appellees Ernesto Arellano and Maria Arellano. By three issues, Chapa argues that the trial court erred when it (1) granted summary judgment, (2) denied equitable relief, and (3) excluded summary judgment evidence. We affirm.

## I. BACKGROUND

On August 14, 2017, Chapa purchased from appellees a parcel of land in Hidalgo County, Texas for $32,000 with the intention of building a home on the land. In her petition, Chapa argued she "inspected the property and saw no visible impediment for the construction of a new home as no defect was open and obvious to anyone." Chapa did not hire a title company to assist with the transaction, and the parties executed a "General Warranty Deed." Under a section titled "Exceptions to Conveyance and Warranty," the deed states that there is a "Right of Way easement in favor of Rio Grande Valley Gas Co., as shown by instrument dated September 12, 1961, in Volume 1028, Page 12, Deed Records of Hidalgo County, Texas." Further, the deed executed by the parties states:

> GRANTEE IS TAKING THE PROPERTY IN AN ARM'S-LENGTH AGREEMENT BETWEEN THE PARTIES. THE CONSIDERATION WAS BARGAINED ON THE BASIS OF AN "AS IS, WHERE IS" TRANSACTION AND REFLECTS THE AGREEMENT OF THE PARTIES THAT THERE ARE NO REPRESENTATIONS OR EXPRESS OR IMPLIED WARRANTIES. GRANTEE HAS NOT RELIED ON ANY INFORMATION OTHER THAN GRANTEE'S INSPECTION.
>
> NO TITLE EXAMINATION WAS REQUIRED IN CONNECTION WITH THE PREPARATION OF THE DOCUMENT CONCERNING THE ABOVE DESCRIBED PROPERTY, NOR WAS ANY MADE. THE PREPARER EXPRESSES NO OPINION AS TO TITLE TO THIS PROPERTY, NOR AS TO ANY TAXES DUE ON THE PROPERTY.

According to Chapa, after purchasing the land and beginning construction plans for a home, the Rio Grande Valley Gas Company placed a sign on the property indicating that an easement[1] exists and informed her that a gas line runs across the property.

---

[1] "An easement confers upon one person the right to use the land of another for a specific purpose." *Hubert v. Davis*, 170 S.W.3d 706, 710 (Tex. App.—Tyler 2005, no pet.); *see also Marcus Cable Assocs., L.P. v. Krohn*, 90 S.W.3d 697, 700 (Tex. 2002).

Chapa was subsequently notified that she could not build a home on the lot. Chapa brought suit against appellees for "breach of contract, rescission, and actionable fraud."

Chapa filed a traditional motion for summary judgment and argued that "[t]he sale was truly fraudulent since the lot (home site) was not subject for any surface development, and the property is therefore worthless to [Chapa] or anyone as a home site." Appellees filed a traditional motion for summary judgment and attached an affidavit by Maria and the "General Warranty Deed." Appellees argued summary judgment was proper because: Chapa had disclaimed reliance and causation as a matter of law, Chapa had disclaimed any oral representations, all disclosures were properly made in the deed, and the easement of the gas company was disclosed. In her affidavit, Maria states that "The lawyer used to prepare the General Warranty Deed was a lawyer of [Chapa's] choosing." Maria further stated that:

> At the time of sale, and no time prior, was I ever informed that the property was not suitable for residential use by anyone. There were, however, easements, including a gas easement, but that is clearly stated on the General Warranty Deed. A gas easement sign was posted by a utility or gas company after the property was sold to [Chapa], but I had nothing to do with this and had no prior notice. No one ever informed me or my husband that the land was not usable.

The trial court denied Chapa's motion for summary judgment and granted appellees' motion for summary judgment. This appeal followed.

## II. SUMMARY JUDGMENT

By her first issue, Chapa argues that the trial court erred when it granted appellees' motion for summary judgment as to her fraud claim.[2]

---

[2] Chapa does not present an issue or argument on appeal concerning the trial court's summary judgment as to her claim for breach of contract.

3

**A. Standard of Review**

A party moving for traditional summary judgment must establish there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). We review summary judgment de novo. *Rogers v. RREF II CB Acquisitions, LLC*, 533 S.W.3d 419, 425 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). We take as true all evidence favorable to the non-movant, indulge every reasonable inference, and resolve any doubts in the non-movant's favor. *Id.* at 426. A defendant seeking traditional summary judgment must either disprove at least one element of each of the plaintiff's causes of action or plead and conclusively establish each essential element of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam); *Sanchez v. Matagorda County*, 124 S.W.3d 350, 352 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.). If the movant's motion and summary judgment proof facially establish a right to judgment as a matter of law, the burden shifts to the non-movant to raise a material fact issue sufficient to defeat summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

**B. Analysis**

The elements of an action for statutory fraud based on a real estate transaction are: (1) there was a transaction involving real estate; (2) during the transaction, the defendant made a false representation of fact, made a false promise, or benefitted by not disclosing that a third party's representation or promise was false; (3) the false representation or promise was made for the purpose of inducing the plaintiff to enter into a contract; (4) the plaintiff relied on the false representation or promise by entering into the contract; and (5) the reliance caused the plaintiff injury. TEX. BUS. & COM. CODE ANN.

§ 27.01; *see Schlumberger Tech. v. Swanson*, 959 S.W.2d 171, 182 (Tex. 1997); *Casstevens v. Smith*, 269 S.W.3d 222, 231 (Tex. App.—Texarkana 2008, pet. denied).

Here, the parties executed a deed to effectuate the conveyance of the lot, and appellees attached a copy of it to their motion for summary judgment. The deed states in part that "THE CONSIDERATION WAS BARGAINED ON THE BASIS OF AN 'AS IS, WHERE IS' TRANSACTION AND REFLECTS THE AGREEMENT OF THE PARTIES THAT THERE ARE NO REPRESENTATIONS OR EXPRESS OR IMPLIED WARRANTIES." "By agreeing to purchase something 'as is', a buyer agrees to make his own appraisal of the bargain and to accept the risk that he [or she] may be wrong." *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161 (Tex. 1995) (citing *Mid Continent Aircraft Corp. v. Curry Cty. Spraying Serv. Inc.*, 572 S.W.2d 308, 313 (Tex. 1978)). In such a transaction, the "seller gives no assurances, express or implied, concerning the value or condition of the thing sold." *Id.*

The terms of the deed executed by the parties clearly provide that Chapa agreed to take the property "as is" and without representations or express or implied warranties.[3] The deed further stated that Chapa did not rely on any information other than her inspection of the land, and it made Chapa aware of the gas company's easement on the land. An "as is" agreement "prevents a buyer from holding a seller liable if the thing sold turns out to be worth less than the price paid because it is impossible for the buyer's injury . . . to have been caused by the seller." *See id.*; *Mid Continent*, 572 S.W.2d at 313 (noting that in an "as is" transaction the buyer "has taken the entire risk as to the quality

---

[3] Even though the instrument executed by the parties was titled "General Warranty Deed," it explicitly disclaimed any warranty of title. "A quitclaim deed conveys any title, interest, or claim of the grantor, but it does not profess that the title is valid nor does it contain any warrant or covenants of title." *Diversified, Inc. v. Hall*, 23 S.W.3d 403, 407 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).

of the [property] and the resulting loss"); *Dubow v. Dragon*, 746 S.W.2d 857, 860 (Tex. App.—Dallas 1988, no writ) (concluding that "as a matter of law, [buyers'] 'careful' inspection of the house's condition constituted a new and independent basis for the purchase which intervened and superseded [sellers'] wrongful act"). The sole cause of a buyer's injury in such circumstances, by her own admission, is the buyer herself. *See Jefferson Assocs.*, 896 S.W.2d at 161. The parties' "as is" agreement negates Chapa's claim that any action by appellees caused her injury. *See id.* Therefore, the trial court did not err when it granted appellees' motion for summary judgment.[4] *See* TEX. BUS. & COM. CODE ANN. § 27.01; TEX. R. CIV. P. 166a(c); *Schlumberger*, 959 S.W.2d at 182; *Cathey*, 900 S.W.2d at 341; *Sanchez*, 124 S.W.3d at 352.[5] We overrule Chapa's first issue.

## III. EQUITABLE RELIEF

By her second issue, Chapa argues that the trial court "erred in denying equitable relief to [Chapa] because equity demanded that she recover the consideration paid to" appellees. Chapa provides only one sentence of argument under this issue: "We know

---

[4] Chapa brought suit for "actionable fraud." We note that Chapa could have brought a fraud claim for (1) common-law fraud and (2) statutory fraud based on a real estate transaction. *See* TEX. BUS. & COM. CODE ANN. § 27.01; *Zorrilla v. Aypco Const. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015); *Schlumberger Tech. v. Swanson*, 959 S.W.2d 171, 182 (Tex. 1997). Both common-law fraud and statutory fraud require a false representation made by the defendant. *See* TEX. BUS. & COM. CODE ANN. § 27.01; *Zorrilla*, 469 S.W.3d at 153; *Schlumberger Tech.*, 959 S.W.2d at 182. Here, Chapa disclaimed any representations made by appellees, and the terms of the deed provide that she purchased the lot based solely on her inspection and without any express or implied warranties. Thus, a claim for common-law fraud would likewise necessarily fail. *See Zorrilla*, 469 S.W.3d at 153; *Italian Cowboy Partners v. Prudential Ins.*, 341 S.W.3d 323, 332 (Tex. 2011); *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161 (Tex. 1995).

[5] Chapa also argues that the trial court could have granted her relief because there was a total failure of consideration. Failure of consideration is an affirmative defense to enforcement of a contract. TEX. R. CIV. P. 94; *Burges v. Mosley*, 304 S.W.3d 623, 628 (Tex. App.—Tyler 2010, no pet.). An affirmative defense is an independent reason why the plaintiff should not recover. *See MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132, 137 (Tex. 2014). If the defense is successful, the defendant can avoid liability even if the allegations in the plaintiff's petition are true. *Id.* Here, Chapa is the plaintiff, and there are no counterclaims made by appellees. Thus, the affirmative defense of failure of consideration is inapplicable, *see* TEX. R. CIV. P. 94; *MAN Engines*, 434 S.W.3d at 137; *Burges*, 304 S.W.3d at 628, and we reject this argument.

that as a general rule the remedy of involuntary rescission is equitable and a party can avoid a contract on the ground that the party received no value at all." *See Chenault v. Shelby Co.*, 320 S.W.2d 431, 433 (Tex. App.—Austin 1959, writ ref'd n.r.e.).

Chapa provides no references to the record or discussion of why she was entitled to equitable relief, the significance of any of the summary judgment evidence, or how the trial court erred when it denied her such relief. *See* Tex. R. App. P. 38.1(i); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) (noting that the Texas Rules of Appellate Procedure "require appellants to state concisely the complaint they may have, provide understandable, succinct, and clear argument for why their complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made along with record references that are appropriate"). Appellate issues are waived when the brief fails to contain a clear argument for the contentions made. *Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 322 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *see Brock v. Sutker*, 215 S.W.3d 927, 929 (Tex. App.—Dallas 2007, no pet.) (concluding issue was waived when brief made no attempt to analyze the trial court's order within the context of cited authority). We conclude this issue has been waived as inadequately briefed. *See* Tex. R. App. P. 38.1(i); *Izen*, 322 S.W.3d at 322; *Bolling*, 315 S.W.3d at 895.

Furthermore, rescission is an equitable remedy that is available in some circumstances to a claimant that has been injured by violations such as breach of contract or fraud. *Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858, 863 (Tex. App.—Dallas 2005, no pet.). However, as previously noted, Chapa was made aware of the easement, and she purchased the property "as is," thereby negating her claim that any action by

7

appellees caused her injury. *See Jefferson Assocs.*, 896 S.W.2d at 161. Thus, equitable relief is not appropriate in this case. *See Nelson*, 170 S.W.3d at 863; *Martin v. Cadle Co.*, 133 S.W.3d 897, 903 (Tex. App.—Dallas 2004, pet. denied); *Chenault*, 320 S.W.2d at 433. We overrule Chapa's second issue.

## IV.    CHAPA'S SUMMARY JUDGMENT EVIDENCE

By her third issue, Chapa argues that the trial court erred when it sustained appellees' objection to the evidence she submitted with her motion for summary judgment. Appellees objected to exhibits[6] Chapa attached to her motion because they were not authenticated. *See* TEX. R. CIV. P. 166a(c), (f).

However, there is nothing in the record here indicating that the trial court sustained appellees' objection to the evidence. And, we have considered the evidence in our substantive analysis of the summary judgment ruling. Thus, we overrule Chapa's third issue.

## V.    CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed the 5th
day of September, 2019.

---

[6] Attached to her summary judgment motion, Chapa submitted unauthenticated copies of: (1) a listing for the sale of the lot, (2) a picture of the gas line sign placed on the lot, and (3) an agreement entered into by appellees with a real estate company to list the lot for sale.

8