Mary SANCHEZ, Appellant,

v.

MATAGORDA COUNTY, Appellee.

No. 13–01–869–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Dec. 18, 2003.

Lynn J. Klement, Angleton, for appellant.

Larry G. Black, Austin, for appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and DORSEY.[1]

## OPINION

Opinion by Justice RODRIGUEZ.

This is a wrongful-death action. Mary Sanchez appeals from a summary judgment predicated on the sovereign immunity of appellee, Matagorda County (the County). By a single point of error, appellant generally contends the trial court erred in granting the summary judgment because the County waived its immunity under the Texas Tort Claims Act (the Act) when it added planks to the bridge and created a special defect which allegedly caused the death of her husband, Edward Sanchez. We affirm.

## I. Background

Mr. Sanchez drowned on December 27, 1997, when the car he was driving went off a wooden, one-lane bridge over Caney Creek on Farm to Market Road 457 in Matagorda County. The County built the bridge before 1970 by laying boards perpendicular to the roadway. After 1970, the County redesigned the bridge by adding planks running longitudinally to the road. The new design allowed for additional load-bearing capacity. The planks placed over the perpendicular planks did not, however, extend over the entire width of the bridge. This resulted in less than a three inch drop off on the edge of the driving surface. Cost was one of the factors considered by the County when it decided that it would not extend the longitudinal planks the entire width of the bridge.

Following the death of her husband, appellant sued the County alleging the bridge was defective and that the condition of the bridge caused his death. The County moved for a traditional summary judgment urging that the alleged defects in the bridge were not special defects; the elements of a premises cause of action could not be proven; and all claims were barred by sovereign immunity. In granting the County's summary judgment motion, the trial court found that:

1. The bridge in question in this case was constructed before January 1, 1970, therefore, the TEXAS [TORT] CLAIMS ACT did not apply to the claims of alleged defects which existed in the bridge before that date;

2. The alleged defects in the bridge are premise defects and not special defects as defined by the law; and

1. Retired Justice J. Bonner Dorsey, who had been assigned to this Court by the Supreme Court of Texas pursuant to section 74.003 of the government code, and whose assignment expired on August 31, 2003, did not participate in this decision. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon Supp.2004).

3. Any claims based upon design changes in the bridge made or which the [C]ounty failed to make after January 1, 1970, are barred under Tex. Civ. Prac. & Rem.Code § 101.056, because they are discretionary acts for which sovereign immunity has not been waived.

Judgment was entered against appellant, and this appeal ensued.

## II. Standard of Review

In the appeal of a traditional summary judgment, we must determine whether the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action or whether the defendant has conclusively established all elements of his affirmative defense. *Velsicol Chem. Corp. v. Winograd,* 956 S.W.2d 529, 530 (Tex.1997); *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996); *Crain v. Smith,* 22 S.W.3d 58, 59 (Tex.App.-Corpus Christi 2000, no pet.); *see City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant and indulge every reasonable inference in the non-movant's favor. *See Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 549 (Tex.1985). The propriety of a summary judgment is a question of law; therefore, we review the trial court's granting of a motion for summary judgment de novo. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994); *Texas Commerce Bank-Rio Grande Valley v. Correa,* 28 S.W.3d 723, 726 (Tex.App.-Corpus Christi 2000, pet. denied).

## III. Immunity

■■■ By her sole point of error, appellant first contends that the addition of the planks to the bridge was not a discretionary act within the scope of section 101.056. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.056 (Vernon 1997). As a general rule, government entities are immune from tort liability under the doctrine of sovereign immunity unless the legislature has waived immunity. *Harris County v. Dillard,* 883 S.W.2d 166, 168 (Tex.1994). Whether a particular claim is excepted from the general doctrine of sovereign immunity is entirely dependant on the statutory language. *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex.1998). The Texas Tort Claims Act, for example, provides that government units are liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the government unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2) (Vernon 1997).[2]

Sovereign immunity is not waived under the Act, however, for acts of a governmental unit "if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit." *Id.* § 101.056(2) (Vernon 1997). The supreme court has explicitly held that the "[d]esign of any public work, such as a roadway, is a discretionary function involving many policy decisions, and the governmental entity responsible may not be sued for such decisions." *State v. Rodriguez,* 985 S.W.2d 83, 85 (Tex.1999).

Appellant argues that the County was negligent in the implementation of its decision to add wood plank runners to the

---

**2.** It is undisputed that Matagorda County is a "government unit" as defined by the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.001(3)(B) (Vernon Supp.2004).

roadway portion of the bridge but not to extend them the entire width of the bridge.[3] However, County Commissioner George Deshotels testified that the decision not to lay the planks to the edge of the bridge was part of the bridge design and was based partially on the increased cost that would have been incurred. This decision of a governing body to choose one design over another is the essence of the exercise of discretion. *See id.* This is not a situation where a governmental employee negligently performed the task he was ordered to do, so as to possibly create governmental liability. *See State v. Terrell,* 588 S.W.2d 784, 788 (Tex.1979); *see also City of Lancaster v. Chambers,* 883 S.W.2d 650, 658 (Tex.1994); J. Bonner Dorsey, *Whither the Texas Tort Claims Act: What Remains after Official Immunity?,* 33 St. Mary's Law Journal 235 (2002). Therefore, taking as true all evidence favorable to appellant and indulging every reasonable inference in her favor, we conclude the addition of the longitudinal planks to the bridge, a significant redesign and repair of the bridge after 1970, was a discretionary act of a county government for which its sovereign immunity has not been waived. *See Cathey,* 900 S.W.2d at 341. The County has conclusively established its affirmative defense of immunity. *See Velsicol Chem. Corp.,* 956 S.W.2d at 530; *Crain,* 22 S.W.3d at 59.

## IV. Defect Claims

■ To circumvent the County's sovereign immunity, appellant contends the addition of the planks created either a special defect or a premises defect. However, while the Act waives immunity from suit under certain circumstances, including some premises and special defect claims,[4] the waiver does not extend to damages arising from governmental discretionary conduct. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.056(2) (Vernon 1997). Under section 101.056, the County retained its immunity for the bridge design. *See id.; Rodriguez,* 985 S.W.2d at 86 (citing *Villarreal v. State,* 810 S.W.2d 419, 422 (Tex. App.-Dallas 1991, writ denied)). The design of the bridge involved policy-level decisions and, as such, was the result of the County's discretionary judgment, thus, a discretionary act. *See Rodriguez,* 985 S.W.2d at 86. Therefore, neither appellant's special defect theory nor her premis-

---

3. The Act specifically provides: "This chapter does not apply to a claim based on an act or omission that occurred before January 1, 1970." Tex. Civ. Prac. & Rem.Code Ann. § 101.061 (Vernon 1997). Although the original bridge was built before 1970, appellant contends the Act applies, nonetheless, because the addition of the longitudinal planks was a modification made to the bridge after 1970 that altered the bridge in a way that was material to the accident. We agree, and the County does not dispute, that the Act applies to this modification. *Cf. Shives v. State,* 743 S.W.2d 714, 716 (Tex.App.-El Paso 1987, writ denied) (court held redesigned roadway was left materially and substantially the same and did not alter structure in way material to accident, thus, no waiver of immunity). We need not address appellant's complaints, if any, regarding the bridge railings because they were part of the original bridge design

prior to 1970 and were not modified. *See* Tex. Civ. Prac. Rem.Code Ann. § 101.061 (Vernon 1997).

4. Section 101.022 provides:

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises. (b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by section 101.060.

Tex. Civ. Prac. & Rem.Code Ann. § 101.022 (Vernon 1997).

es defect theory can bypass the County's immunity for discretionary roadway design under section 101.056 of the Act.[5]

We conclude, therefore, the trial court did not err in granting the County summary judgment against appellant on her special defect and premises defect claims. Accordingly, we overrule appellant's point of error.

## V. Conclusion

The judgment of the trial court is affirmed.

Retired Justice DORSEY not participating.

---

**5.** During oral argument appellant advised this Court she was not urging waiver pursuant to section 101.060. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.060(a)(1), (c) (Vernon 1997) (duty to warn of special defects). Therefore, we express no opinion regarding whether the County waived immunity for discretionary warning sign placement on the basis that the alleged defect was a special defect.