# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00606-CV

**The University of Texas, Appellant**

**v.**

**Hermelinda Amezquita, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201st JUDICIAL DISTRICT
NO. D-1-GN-03-000578, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The University of Texas at Austin (the "University") appeals the district court's order denying its plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008). The University asserts that sovereign immunity bars the tort claims of appellee, Hermelinda Amezquita. Amezquita sued the University under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 2005 & Supp. 2008) (the "Act"). We will reverse the trial court's order and render judgment granting the University's plea.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2001, Amezquita sustained injuries when she slipped on a metal plate incorporated into a walkway in front of the University's baseball stadium. The plate, which served as a removable drainage trench cover, was slippery because rain had accumulated on it.

Amezquita filed suit in February 2003, alleging that the plate was a premises defect for which the University's immunity had been waived under the Act.[1] *See* Act § 101.022.

The University filed a plea to the jurisdiction asserting that the plate was not a premises defect and that even if it was, its presence was a discretionary decision for which the University retained immunity from suit under section 101.056 of the Act. In support of its plea, the University filed an affidavit by William Throop, an engineer employed by the University. The trial court excluded portions of Throop's affidavit and denied the University's plea. The University perfected this interlocutory appeal.

## STANDARD OF REVIEW

We review the denial of a plea to the jurisdiction de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When a plea challenges the existence of jurisdictional facts, a court should consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Id*. Where the jurisdictional issue or facts do not implicate the merits of the plaintiff's case, and the facts are disputed, the court—not the jury—must make the necessary fact findings to resolve the jurisdictional issue. *See id.* ("'Whether a district court has subject matter jurisdiction is a question for the court, not a jury, to decide, even if the determination requires making factual findings, unless the jurisdictional issue is inextricably bound to the merits of the case.'") (quoting *Cameron v. Children's Hosp. Med. Ctr.*, 131 F.3d 1167, 1170 (6th Cir. 1997)). If, however, the facts relevant to jurisdiction are undisputed, the court should

---

[1] Amezquita originally alleged that the plate was both a premises defect and a special defect, but she later amended her petition to delete her special-defect claim.

2

make the jurisdictional determination as a matter of law based solely on those undisputed facts. *Id*. at 228. Because a court should not proceed with a case over which it has no jurisdiction, it should make the jurisdictional determination as soon as practicable, but has discretion to defer the decision until the case has been more fully developed. *Id*. at 227.[2] On appeal, any fact findings made to resolve the jurisdictional issue may be challenged, as any other fact findings, for legal and factual sufficiency. This includes implied fact findings if written findings and conclusions are not issued. *Cf. BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

## DISCUSSION

The jurisdictional evidence here does not implicate the merits of the plaintiff's case: the jurisdictional issue concerns whether incorporating a metal plate into a sidewalk was a discretionary decision, whereas the merits concern whether the University acted negligently. Thus, the trial court was required to resolve the jurisdictional issue on the basis of facts that it found or that were undisputed. *See Miranda*, 133 S.W.3d at 226 (citing *Cameron*, 131 F.3d at 1170). As plaintiff, Amezquita bore the burden of proving facts that would establish the trial court's jurisdiction. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

---

[2] Here, the trial court's order denying the plea to the jurisdiction did not indicate that the court was deferring its jurisdictional determination until the case was more fully developed. Nor did Amezquita urge a deferral of the issue in her response to the University's plea to the jurisdiction. Accordingly, because the trial court did not purport to exercise its discretion in this regard, we will not attempt to apply an abuse-of-discretion standard in reviewing the trial court's denial of portions of the plea. In any event, as discussed below, the relevant facts before the trial court were conclusive, so fuller development of the case would have been pointless.

3

The University argues that its evidence proves conclusively that it has not waived immunity under the Act. *See* Act § 101.021 (discussing waiver of immunity). Under section 101.056 of the Act,

> the State preserves its immunity for an act "if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit." Thus, if the State's action is discretionary, it does not waive its immunity. An act is discretionary if it requires exercising judgment and the law does not mandate performing the act with such precision that nothing is left to discretion or judgment. *Design of any public work, such as a roadway, is a discretionary function involving many policy decisions, and the governmental entity responsible may not be sued for such decisions*.

*State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex. 1999) (per curiam) (emphasis added) (quoting Act § 101.056(2)) (citations omitted). Plans formulated by state engineers are paradigmatic discretionary decisions immune from suit. *See id.* at 86; *see also Sanchez v. Matagorda County*, 124 S.W.3d 350, 353 (Tex. App.—Corpus Christi 2003, no pet.) (choice of "one design over another is the essence of the exercise of discretion"). This rule applies to plans for all manner of public works. *See, e.g.*, Rodriguez, 985 S.W.2d at 85 (roadways); *City of Round Rock v. Smith*, 687 S.W.2d 300, 303 (Tex. 1985) (subdivision plat); *Perez v. City of Dallas*, 180 S.W.3d 906, 913 (Tex. App.—Dallas 2005, no pet.) (trash pit); *Sanchez*, 124 S.W.3d at 353 (bridge); *Berry v. City of Reno*, 107 S.W.3d 128, 132-33 (Tex. App.—Fort Worth 2003, no pet.) (drainage system); *University of Texas Health Scis. Ctr. v. Bruen*, 92 S.W.3d 24, 27 (Tex. App.—San Antonio 2002, pet. denied) (auditorium ramp); *Ramos v. Texas Dep't of Pub. Safety*, 35 S.W.3d 723, 733 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (parking lot); *Mitchell v. City of Dallas*, 855 S.W.2d 741, 745 (Tex.

App.—Dallas 1993) (public buildings and other municipal premises), *aff'd*, 870 S.W.2d 21, 37 (Tex. 1994).

Here, the University's evidence showed that the University incorporated a metal plate into a sidewalk to cover a drainage trench. Amezquita argues that the University failed to establish that this action represents a discretionary decision by University engineers. On the contrary, the affidavit of engineer Throop, which the University submitted in support of its plea to the jurisdiction, establishes just that.[3] Throop's affidavit states: "[T]he metal plate Ms. Amezquita allegedly slipped on was a part of the original design of the University baseball stadium." The affidavit also states: "[T]he metal plate in question was constructed and incorporated into the baseball stadium sidewalk in conformity with the architectural plans and original design." While the trial court excluded portions of Throop's affidavit, it did not exclude the quoted portions, and Amezquita offered no evidence to rebut them. Because the quoted portions implicate the trial court's jurisdiction, we must consider them. *Miranda*, 133 S.W.3d at 227. Furthermore, affidavit aside, it is hard to imagine how decisions about the composition and placement of trench covers could be non-discretionary. *See Rodriguez*, 985 S.W.2d at 85 ("[d]esign of *any* public work . . . is a discretionary function") (emphasis added). We therefore conclude that incorporating the metal plate into the sidewalk was a discretionary design decision for which the University retains immunity. *See id.* at 86.

Our conclusion might be different if Amezquita had complained not of the metal plate's presence but of its installation, for the Act waives immunity for negligent implementation of

---

[3] Throop was an interested witness, but we credit his affidavit because it was "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 166a(c).

discretionary decisions. *See Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 657 (Tex. 2007). But nowhere in the record does Amezquita allege that the metal plate was defectively constructed, positioned, maintained, or the like. Rather, Amezquita has consistently alleged—and no evidence indicates that she could do otherwise—that the "defect" at issue is simply the University's decision to use a potentially slippery metal plate. For example, in response to an interrogatory asking for the exact conditions that caused her injuries, Amezquita answered: "The conditions . . . were . . . having a metal surface on a walkway, which became extremely slippery when wet on a rainy day." This is a complaint about the decision to put a potentially slippery metal plate in the walkway, not a complaint about the execution of that decision. As a result, the University's immunity from suit has not been waived.

For the foregoing reasons, we hold that the University's incorporation of a metal plate into its sidewalk was a discretionary decision for which the University retains immunity under the Act. *See* Act § 101.056. Because our holding disposes of this case, we do not address other issues raised on appeal. *Accord Perez*, 180 S.W.3d at 913 (declining to consider premises defect claim because underlying discretionary decision immunized city from suit).

## CONCLUSION

Because the jurisdictional evidence shows conclusively that the University's incorporation of a metal plate into a sidewalk was a discretionary decision for which the University retains immunity under the Texas Tort Claims Act, we reverse the trial court's order denying the University's plea to the jurisdiction and render judgment granting the University's plea and dismissing Amezquita's suit for lack of jurisdiction.

_____
J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Reversed and Rendered

Filed: June 4, 2009

7