

## NUMBER 13-18-00026-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

RAUL ALCALA AND YAZMIN ALCALA,                Appellants,

v.

REPUBLIC LLOYDS,                          Appellee.

**On appeal from the 445th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Rodriguez[1]
Memorandum Opinion by Justice Hinojosa**

Appellants Raul and Yazmin Alcala (the Alcalas) sued appellee Republic Lloyds

(Republic), disputing Republic's handling of a homeowner's insurance claim filed by the

---

[1] The Honorable Nelda V. Rodriguez, former Justice of this Court, was a member of the panel at the time this case was submitted but did not participate in this decision because her term of office expired on December 31, 2018.

Alcalas. The Alcalas appeal the trial court's order granting Republic's motion for summary judgment. In two issues, which we treat as one, the Alcalas argue that the trial court erred in granting summary judgment solely on the basis of Republic's payment of an appraisal award. We affirm in part and reverse and remand in part.

## I.    BACKGROUND

On January 9, 2015, a hailstorm damaged the Alcalas' home in Brownsville, Texas. The Alcalas filed a claim with their insurer Republic on January 21. Republic assigned an independent adjuster, who inspected the home and estimated the actual cash value of the damages to be $904.46. On February 3, Republic issued a check to the Alcalas for $354.46 which represented the adjuster's estimate less the policy's deductible. In December of 2015, counsel for the Alcalas communicated to Republic their disagreement with the damage estimate and provided their own estimate of $17,701.46. On January 13, 2016, Republic notified the Alcalas' attorney that it was demanding an appraisal pursuant to the policy's appraisal provision. While the appraisal process was pending, the Alcalas sued Republic, asserting a breach of contract claim and various extra-contractual claims which can be classified as follows: (1) statutory bad faith claims under both chapter 541 of the insurance code and the Deceptive Trade Practices Act (DTPA); (2) violations of the Texas Prompt Payment of Claims Act (TPPCA); and (3) common law bad faith and fraud claims. While the lawsuit was pending, Republic and the Alcalas selected appraisers, and the trial court appointed an appraisal umpire. The appraisers and the umpire agreed on an actual cash value for damages of $6,045.68. On December 29,

2016, Republic issued a check for $5,141.22, which represented the appraisal award less the deductible and Republic's prior payment.

Republic filed a traditional motion for summary judgment arguing that its timely payment of the appraisal award negated liability for all of the Alcalas' claims as a matter of law. Republic relied on the policy's appraisal provision which provides in relevant part as follows:

> 8. **Appraisal.** If you and we fail to agree on the amount of loss from an occurrence claimed by you in accordance with the loss settlement provisions of your policy, either may demand an appraisal of the loss.
>
> In the event of a demand for an appraisal of loss, each party shall choose a competent and disinterested appraiser within 20 days after receiving a written request from the other. During this same time period, the parties shall provide to each other in writing the name and contact information for their selected appraiser. The two appraisers shall attempt to select a competent and disinterested umpire.
>
> If they cannot agree upon an umpire within 15 days after the selection of the second appraiser, you or we may request that the choice of a competent and disinterested umpire be made by a judge of a court of record in the state where the residence premises is located.
>
>      . . . .
>
> Stating separately the items and amounts of loss for each item, and in accordance with your policy's loss settlement provisions, the appraisers shall determine the amount of loss from the occurrence claimed by you. Both you and we and each of our representatives shall cooperate with the appraisal process, allow the appraisers and umpire reasonable and timely access to inspect the damaged property, and make reasonable efforts to allow completion of the appraisal process in a timely manner.
>
> If the appraisers fail to reach agreement on the amounts, the appraisers shall submit their differences, only, to the umpire. An appraisal decision in writing, so itemized, of any two of these three, when received by us shall set the amount of loss.
>
>      . . . .

3

> This appraisal shall be binding on you and us concerning only the amount of loss. You will retain your right to bring suit against us following the appraisal award, subject to Texas law and compliance with the Suit Against Us provisions of the policy as modified by this Endorsement. We will retain our right to deny all or part of your claim and to dispute liability for any portion of the appraisal award based on lack of coverage or violation of the terms or conditions of the policy.

Republic argued that its participation in the contractual appraisal process and timely payment of the appraisal award negated the Alcalas' breach of contract claim as a matter of law. Republic further argued that the Alcalas could not maintain any extra-contractual claims in the absence of a breach of contract unless the Alcalas suffered an injury independent of the loss of policy benefits. Republic attached the insurance policy to its motion as well as correspondence and documents establishing Republic's timely handling of the Alcalas' claim, its invocation of the policy's appraisal provision, and its timely payment of the appraisal award.

The Alcalas filed a response to the motion for summary judgment. Relying on Republic's summary judgment evidence, the Alcalas focused their argument on their extra-contractual claims. The Alcalas conceded that payment of the appraisal award "might negate" their breach of contract claim. However, they argued that they are not required to establish a breach of contract in order to recover on their extra-contractual claims, only that they have a right to benefits under the policy. The Alcalas moved separately for summary judgment on their TPPCA claim. They argued that the summary judgment record "conclusively establishes that Republic made full payment on [their] claim late in violation of [the TPPCA] after [the Alcalas] became entitled to benefits under the policy."

4

The trial court signed an order granting Republic's motion for summary judgment, thereby dismissing the Alcalas' suit in its entirety.[2] The Alcalas have since appealed.[3] We abated the case and ordered the parties to file supplemental briefs addressing two Texas Supreme Court opinions that were handed down after this Court heard oral argument. *See Barbara Techs. Corp. v. State Farm Lloyds*, ___ S.W.3d ___, No. 17-0640, 2019 WL 2710089 (Tex. June 28, 2019); *Ortiz v. State Farm Lloyds*, ___ S.W.3d ___, No. 17-1048, 2019 WL 2710032 (Tex. June 28, 2019). The parties have filed their supplemental briefs, and we have since reinstated the appeal.

## II.    DISCUSSION

### A.    Standard of Review

We review summary judgments de novo. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015); *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013). A movant for traditional summary judgment has the burden to establish that no genuine issue of a material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). A defendant seeking traditional summary judgment must either disprove at least one element of each of the plaintiff's causes of action or plead and conclusively establish each essential element of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam); *Sanchez v. Matagorda County*, 124 S.W.3d 350, 352 (Tex.

---

[2] The Alcalas filed a motion for new trial which was overruled by operation of law.

[3] The Alcalas do not challenge the trial court's implicit denial of their motion for summary judgment in their appellants' brief.

App.—Corpus Christi–Edinburg 2003, no pet.). If the defendant carries this burden, the burden shifts to the plaintiff to raise a genuine issue of material fact precluding summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). We review the summary judgment evidence in the light most favorable to the non-movant, indulging every reasonable inference and resolving any doubts against the motion. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

### B.    Analysis

As requested by the Court, the Alcalas filed a supplemental brief addressing the impact of two intervening Texas Supreme Court opinions. *See Barbara Techs.*, ___ 2019 WL 2710089; *Ortiz*, 2019 WL 2710032. The Alcalas represent to this Court that they are no longer appealing the dismissal of their breach of contract and extra-contractual "bad faith" claims, and they have requested that the Court affirm that portion of the trial court's judgment dismissing those claims. *See Ortiz*, 2019 WL 2710032, at *5, *15 (concluding that an insurer's payment of an appraisal award bars an insured's breach of contract claim as well as common law and statutory bad faith claims to the extent the only actual damages sought are lost policy benefits). However, the Alcalas continue to maintain, as they did in their initial brief, that the trial court erred in granting summary judgment as to their TPPCA claim. *See* TEX. INS. CODE. ANN. ch. 542. Specifically, the Alcalas argue that an insurer's payment of an appraisal award does not as a matter of law bar an insured's claim under the TPPCA. We agree.

6

The TPPCA sets out guidelines facilitating the timely payment of insurance claims. *See id*. §§ 542.054, 542.057; *Barbara Techs.*, 2019 WL 2710089, at *3; *see also Lambert v. State Farm Lloyds*, No. 02-17-00374-CV, 2019 WL 5792812, at *3 (Tex. App.—Fort Worth Nov. 7, 2019, no pet. h.) (mem. op.). To prevail under a claim for TPPCA damages, the insured must establish: (1) the insurer's liability under the insurance policy, and (2) that the insurer has failed to comply with one or more sections of the TPPCA in processing or paying the claim. *Barbara Techs.*, 2019 WL 2710089, at *4. While the TPPCA does not explicitly address how initiating the appraisal process affects the Act's timing guidelines, the Texas Supreme Court has recently issued an opinion that discusses the effect of an appraisal award on a TPPCA claim. *See id*. at *1; *see also Lambert*, 2019 WL 5792812, at *3.

In *Barbara Technologies*, the insurer twice denied its insured's claim for storm-related damages because the damages did not exceed the policy's deductible. 2019 WL 2710089, at *1. The insured sued, prompting the insurer to invoke the policy's appraisal provision. *Id*. The insured accepted the resulting appraisal award, but it claimed that statutory damages were appropriate because the insurer failed to comply with the TPPCA's sixty-day time limit for payment. *Id*. The trial court granted summary judgment in favor of the insurer. *Id*.

The Texas Supreme Court concluded that the payment of an appraisal award does not bar an insured's TPPCA claim as a matter of law. *Id*. at *2, *17. The Court interpreted the TPPCA's lack of any appraisal-related language to mean that the legislature intended neither to impose specific deadlines for the contractual appraisal process within the

7

prompt-pay scheme nor to exempt the contractual appraisal process from the deadlines. *Id*. at *5, *8 ("Nothing in the TPPCA would excuse an insurer from liability for TPPCA damages if it was liable under the terms of the policy but delayed payment beyond the applicable statutory deadline, regardless of use of the appraisal process.").

The Court noted that an appraisal's outcome only binds the parties as to the amount of the loss determined, leaving open the question of liability for such loss. *Id*. at *8. Therefore, "payment in accordance with an appraisal is neither an acknowledgment of liability nor a determination of liability under the policy for purposes of TPPCA damages[.]" *Id*. at *9. The Court explained that the insurer had not accepted liability under the policy and had not yet had its liability adjudicated; therefore, the insured was not entitled to TPPCA damages as a matter of law. *Id*. at *16. It noted that, on the other hand, the insurer's invocation of the appraisal clause and prompt payment of the appraisal award did not automatically exempt it from TPPCA damages. *Id*. For these reasons, the Court held that the trial court erred in granting summary judgment in favor of the insurer. *Id*. at *17.

Here, Republic moved for summary judgment solely on the basis of its timely payment of the appraisal award. However, this fact does not excuse Republic from liability for TPPCA damages if it was liable under the terms of the policy—an element that Republic did not challenge in its motion for summary judgment—but delayed payment beyond the applicable statutory deadline. *See id*. at *8. We conclude that Republic failed to carry its summary judgment burden in seeking dismissal of the Alcalas' TPPCA claim.[4]

---

[4] We reject Republic's argument that *Barbara Technologies v. State Farm Lloyds* is factually distinguishable because Republic initially paid $354.46 to the Alcalas, whereas the insurer in *Barbara*

*See* TEX. R. CIV. P. 166a(c); *Amedisys*, 437 S.W.3d at 511. Therefore, we hold that the trial court erred in granting summary judgment on this claim. *See Bradshaw*, 457 S.W.3d at 79. We sustain the Alcalas' sole issue.

### III.    CONCLUSION

We reverse that portion of the trial court's judgment dismissing the Alcalas' TPPCA claim, and we remand that portion of the case to the trial court for further proceedings consistent with this memorandum opinion. We affirm the remainder of the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed the
20th day of February, 2020.

---

*Technologies* initially paid nothing because it determined that the damages were less than the policy's deductible. ___ S.W.3d ___, No. 17-0640, 2019 WL 2710089 (Tex. June 28, 2019). We observe no meaningful distinction between an insurer's initial determination that damages are less than the deductible versus a determination that damages exceed the deductible by some nominal amount—whether it be $1 or $354.46. In either case, the plaintiff is relying on the insurer's pre-appraisal underpayment of the claim as a basis for its TPPCA claim. *See Ortiz v. State Farm Lloyds*, ___ S.W.3d ___, No. 17-1048, 2019 WL 2710032, *3 (Tex. June 28, 2019) (discussing body of related case law as concerning allegations of "pre-appraisal underpayment" of a claim).