

# NUMBER 13-21-00070-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DINA CAVAZOS                                                                 Appellant,

v.

STRYKER SALES CORPORATION,                                       Appellee.

**On appeal from the 117th District Court
of Nueces County, Texas.**

# OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Opinion by Justice Tijerina**

By one issue, appellant Dina Cavazos challenges the trial court's summary judgment in favor of appellee Stryker Sales Corporation. We reverse and remand.

## I.    PERTINENT FACTS

According to Cavazos's original petition, on August 26, 2012, a Stryker employee injured Cavazos by "forcefully kicking [her] in the back of her knee." Cavazos sued Stryker

and Cody Sample, the employee.[1]

On September 8, 2020, Stryker moved for summary judgment on the basis that the statute of limitations barred Cavazos's lawsuit. Stryker acknowledged that Cavazos filed her suit against it within the limitations period.[2] However, Stryker claimed that it was nonetheless entitled to a limitations defense because Sample, although not a party, could have invoked that defense if properly served in 2020. Specifically, Stryker stated, "Because Mr. Sample was not served prior to the expiration of the statute of limitations, [Cavazos's] derivative claims against Stryker are also barred by the statute of limitations. Stryker is therefore entitled to summary judgment."

Cavazos responded Stryker did not claim: that "Sample is a necessary party to the suit"; that her suit against Stryker is barred by limitations; or that Stryker was untimely served. Cavazos pointed out that "Stryker cite[d] no authority that would serve to limit the timely prosecution of this suit against Stryker based on the absence of service on a third party." Cavazos argued the following:

> Taking Stryker's argument to its logical end, an injured victim could sue the employer of a negligent tortfeasor the day after the incident, diligently prosecute the claims against the employer defendant for two years, and then be subject to a limitations argument based upon the plaintiff's decision not to join an unnecessary party. Alternatively, Stryker's argument would require that an individual employee must always be sued in addition to an employer who is already fully liable vicariously for the negligence of its

---

[1] Although in her original petition filed on February 24, 2014, Cavazos named Sample as a defendant, she did not serve him with citation, and he was dismissed from this lawsuit prior to the running of the statute of limitations. Stryker in its motion for summary judgment acknowledges that Sample has not been served in this lawsuit, and it does not dispute that Cavazos filed suit within the limitations period.

[2] This Court previously concluded that Stryker waived its limitations defense because the defense was neither pleaded in its live answer nor tried by consent. *See Cavazos v. Stryker Sales Corp.*, No. 13-17-00247-CV, 2018 WL 4215620, at *9–10 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2018, pet. denied) (mem. op.) (reversing summary judgment granted in favor of Stryker). On remand, the trial court allowed Stryker to file an amended answer pleading the limitations defense.

employees.

The trial court held a hearing on Stryker's motion for summary judgment on January 14, 2021, and on February 3, 2021, it signed a final take-nothing summary judgment in favor of Stryker. This appeal ensued.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's granting of a traditional motion for summary judgment de novo. *Franks v. Roades*, 310 S.W.3d 615, 620 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.) (first citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); and then citing *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.)). "We must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law." *Id.*; *see* TEX. R. CIV. P. 166a(c). A defendant seeking a traditional summary judgment must either disprove at least one element of each of the plaintiff's causes of action or plead and conclusively establish each essential element of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam); *Sanchez v. Matagorda County*, 124 S.W.3d 350, 352 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *Franks*, 310 S.W.3d at 621 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005)).

Statutes of limitations exist "to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds." *Willis v. Maverick*, 760

3

S.W.2d 642, 644 (Tex. 1988). For a personal injury suit, a plaintiff complies with the statute of limitations if the plaintiff sues the defendant not later than two years following the date the cause of action accrues. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)).

A *party* asserting a limitations defense must allege it in its *answer* to the plaintiff's pleadings. TEX. R. CIV. P. 94. In addition, to avoid a limitations defense, the plaintiff must exercise diligence in serving the *defendant* with process prior to the expiration of the limitations period. *Zive v. Sandberg*, 610 S.W.3d 44, 48 (Tex. App.—Dallas 2020) ("When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service." (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam))), *aff'd*, 644 S.W.3d 169 (Tex. 2022). Moreover, a statute of limitations defense is waived if not pleaded or tried by consent. *Miles v. Peacock*, 229 S.W.3d 384, 387 (Tex. App.—Houston [1st Dist.] 2007, no pet.) *see also* TEX. R. CIV. P. 94 (listing defenses that a party "shall set forth affirmatively").

## III. ANALYSIS

By her sole issue, Cavazos contends that the trial court improperly granted Stryker's motion for summary judgment. Specifically, she argues that the trial court incorrectly concluded that her cause of action against Stryker is barred by the statute of limitations merely because a suit filed in 2020 against Sample would be barred by limitations—even though she undisputedly filed suit against Stryker within the limitations period and thereafter chose not to sue Sample in her live petition.

4

Cavazos further argues that according to the rationale espoused by Stryker and the trial court, when a plaintiff sues an employer under a respondeat superior theory, the plaintiff must always sue both the employer and tortfeasor employee. Otherwise, according to Cavazos, the plaintiff that chooses to only sue the employer will eventually be barred from continuing the suit against the employer once the statute of limitations passes for filing suit against the tortfeasor employee. Stryker, responds that, although Cavazos did not sue Sample, "an employer sued within the applicable limitations period remains entitled to assert any limitations defense available to an employee."

Cavazos filed her original petition against Stryker and Sample well within the applicable statute of limitations—a fact not disputed by Stryker. Cavazos did not serve Sample, and he was dismissed. Therefore, Sample was never a defendant in this cause, and Sample was not required to file an answer in response to her suit. *See Zive*, 610 S.W.3d at 48; *see also* TEX. R. CIV. P. 99(b) (establishing that the defendant must "file a written answer to the plaintiff's petition on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service thereof"). Accordingly, because Sample was not a defendant, he was not entitled to an affirmative defense. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.011 (providing that, for purposes of proportionate responsibility, "'[d]efendant' includes any person from whom, at the time of the submission of the case to the trier of fact, a claimant seeks recovery of damages.").

Finally, even if Stryker may invoke *Sample's* affirmative limitations defense, to prevail, Stryker must have proved as a matter of law: (1) when the cause of action accrued, and (2) that Cavazos brought her suit against *Sample* beyond the limitations

5

period. *See Draughon v. Johnson*, 631 S.W.3d 81, 89 (Tex. 2021). Stryker is unable to show that the applicable statute of limitations has run in this case because Cavazos sued Stryker within the statute of limitations period and Sample has not been sued outside that period. *See id.*

Stryker claims that under *Dewitt v. Harris County*, a principal may always assert every affirmative defense available to its agent when the principal's liability under a tort claim is solely based on respondeat superior. 904 S.W.3d 650, 654 (Tex. 1995). In *Dewitt*, the plaintiff sued an officer and his county employer. *See id.* at 651. The *Dewitt* court concluded the defendant officer had official immunity, and therefore, the county employer was not liable to the plaintiff "for the negligence of its employee when the employee has no liability because of official immunity." *Id.* at 654 (applying TEX. GOV'T CODE ANN. § 101.021). Here, Sample is not a defendant and a statute of limitations defense is not available to him.

Moreover, Stryker's reliance on *Dewitt* is misplaced because that case involved the Texas Tort Claims Act's limited waiver of sovereign immunity, which expressly limits a government employer's vicarious liability to the extent "the employee would be personally liable to the claimant according to Texas law." *Id.* at 652 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(B)). Stryker is not a "governmental unit," and thus, the Tort Claims Act does not apply here. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3).

Stryker further relies on *Lab Corporation of America v. Compton,* 126 S.W.3d 196, 200 (Tex. App.—San Antonio 2003, pet. denied) and *Clements v. Conrad*, 21 S.W.3d

6

514, 523 (Tex. App.—Amarillo 2000, pet. denied). In both cases, the courts held that the employer was entitled to assert the employee's statute of limitations defense. *Lab Corp. of Am.,* 126 S.W.3d at 200; *Clements,* 21 S.W.3d at 523. However, the plaintiffs in both cases filed each suit against the principal employer outside of the statute of limitations applicable to the employee. *Lab Corp. of Am.,* 126 S.W.3d at 200; *Clements,* 21 S.W.3d at 523. Thus, each plaintiff's suit was barred by limitations. *Lab Corp. of Am.,* 126 S.W.3d at 200 (holding that the principal was entitled to assert the tortfeasor employee's two-year limitations defense under the former medical liability statute and not subject to a general four-year statute of limitations and since the plaintiff's claim arose in 1997 and she failed to file suit until 2000, the plaintiff's claim was barred); *Clements,* 21 S.W.3d at 523 (concluding that, because the plaintiff failed to sue the employer within the statute of limitations applicable to the employee, the plaintiff's cause was barred).

Here, even assuming, without deciding, that Stryker is correct that *Dewitt*, *Compton*, and *Clements* apply, like those defendants, Stryker would have been allowed to assert a limitations defense had Sample been sued individually outside of that period. Nonetheless, here, Cavazos sued Stryker within the limitations period applicable to Sample. We decline Stryker's invitation to adopt a rule that a principal is entitled to dismissal because the plaintiff did not sue the tortfeasor employee.[3]

---

[3] Stryker cites *Stephens v. Petrino*, 86 S.W.3d 836, 843 (Ark. 2002), In *Stephens*, the plaintiffs sued a tortfeasor employee outside the pertinent statute of limitations period. *Id.* The trial court dismissed the tortfeasor employee from the lawsuit after granting the employee's motion for summary judgment on the basis that any complaint against the employee was time-barred. *Id.* Because the plaintiff failed to sue the tortfeasor employee within the applicable statute of limitations, the plaintiff's suit against the employer was also barred. *Id.*

Those facts differ from the facts before us. Here, Cavazos did not sue Stryker or Sample outside the limitations period. Thus, *Stephens* does not support a conclusion that when a plaintiff sues an employer

Accordingly, as a matter of law, Stryker is not entitled to derivatively invoke that defense in this case. *See Westview Drive Invs., LLC, v. Landmark Am. Ins.*, 522 S.W.3d 583, 604 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (noting that there is no derivative liability where the primary wrongdoer successfully asserts an affirmative defense). We sustain Cavazos's sole issue.

## IV.    CONCLUSION

We reverse the trial court's judgment and remand for further proceedings.

JAIME TIJERINA
Justice

Delivered and filed on the
3rd day of November, 2022.

---

under a vicarious liability theory, such as respondeat superior, the plaintiff must also sue the tortfeasor employee within the statute of limitations to maintain the plaintiff's claim against the employer. *See id.* Therefore, *Stephens* is irrelevant to our analysis of the question presented here. *See id.* The remainder of the cases cited by Stryker are inapplicable for the same reason.