

# NUMBER 13-23-00194-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

BERNARDINO FRAUSTO,                                                    Appellant,

v.

RC INDUSTRIES, LLC,                                                    Appellee.

---

### On appeal from the 81st District Court
### of Frio County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant Bernardino Frausto appeals the trial court's summary judgment in favor of appellee RC Industries, LLC, (RCI). By two issues, Frausto contends the "unrefuted evidence shows RCI discriminated against him for filing a" claim pursuant to the Texas Workers' Compensation Act (TWCA) and "there are numerous fact questions regarding

whether Frausto was terminated for non-discriminatory reasons." We affirm.[1]

## I. BACKGROUND

RCI, an oil field service company, hired Frausto to perform manual labor as part of a crew at its oil fields. According to the summary judgment evidence, RCI's oil fields were located south of Dilley, Texas, and Frausto lived in Eagle Pass, Texas. RCI allowed for one of Frausto's supervisors to pick him up at his home, take him to the work site, and then take him home at the end of the workday because Frausto did not have a vehicle.

On March 23, 2017, while working in the "Cheyenne" oil field south of Dilley, Frausto was injured when a tool he was using hit him in the head causing a cut to his scalp and requiring stitches. Subsequently, after the stitches were removed, Frausto complained of pain in his head, neck, and shoulder. Frausto's physician ordered an "MRI" and placed Frausto on "light duty work." RCI filed a workers' compensation claim on Frausto's behalf with its carrier, which paid Frausto $1,563.03 for medical treatment.

Contemporaneously, RCI's human resources employee, Kasey Hall, notified Frausto that he would be performing light duty work at RCI's office in Dilley from 8:00 am to 5:00 pm each workday and should report for his light duty assignment on April 7, 2017. The field crew did not generally travel to the RCI offices either before or after work.

Hall further informed Frausto that RCI was unable to provide transportation to the office and that it was Frausto's responsibility to provide his own transportation. On April 6, 2017, by text message, Frausto told Hall he would be present at the office the following

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

day at 8:00 am. Frausto did not appear for work on that date. However, he informed Hall that he would be absent. Frausto never worked at RCI again, but he informed Hall of his absences for many of the days that he did not appear at the office. Subsequently, Frausto failed to be present at the officer for light duty work and did not inform Hall of his absences.

On May 2, 2017, Frausto, Hall, and two other RCI employees, Christy Chandler and Desi De La Garza attended a meeting wherein the RCI employees explained that they thought Frausto resigned because he had not appeared for light duty work, and he had not contacted RCI since April 20, 2017. Frausto told them that he had quit because he did not have a ride to work. Frausto signed a separation from employment form stating that he did not report to work for almost one month and that RCI assumed that he quit.

On September 27, 2017, Frausto filed suit against RCI for wrongful termination claiming that RCI had retaliated against him because he filed a workers' compensation claim pursuant to § 451.001 of the Texas Labor Code. *See* TEX. LAB. CODE ANN. § 451.001. RCI filed a motion for summary judgment, and the trial court set a hearing for October 4, 2018. One day prior to the hearing, Frausto filed an amended response to RCI's motion, and RCI filed a motion to strike the amended response and evidence.

One day after the hearing, Frausto filed his first amended petition adding a claim that RCI "discriminated against Frausto by refusing to provide him a ride to work after it promised him a ride and gave him a ride every day before he was injured." On November 28, 2018, the trial court struck Frausto's amended response to RCI's summary judgment motion, including the evidence attached thereto. Additionally, on that date, the trial court granted RCI's amended motion for summary judgment. The trial court entered a final

3

judgment in this cause on March 7, 2023.[2] This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's granting of a traditional motion for summary judgment de novo. *Franks v. Roades*, 310 S.W.3d 615, 620 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.) (first citing *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); and then citing *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.)). "We must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law." *Id.*; *see* TEX. R. CIV. P. 166a(c). A defendant seeking a traditional summary judgment must either disprove at least one element of each of the plaintiff's causes of action or plead and conclusively establish each essential element of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam); *Sanchez v. Matagorda County*, 124 S.W.3d 350, 352 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *Franks*, 310 S.W.3d at 621 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005)).

A plaintiff claiming a TWCA retaliation cause of action must make a prima facie showing that the person filed a workers' compensation claim in good faith "and that there is a causal link between [the] . . . filing of the claim and [the] discharge or other act of

---

[2] Frausto attempted to appeal in the San Antonio Court of Appeals a summary judgment previously signed by the trial court. *See Frausto v. RC Indus. LLC*, 605 S.W.3d 54, 55 (Tex. App.—San Antonio 2020, no pet.). The San Antonio court determined that that summary judgment was not appealable, and it dismissed that appeal for want of jurisdiction. *See id.* The court reasoned that because the order granting summary judgment failed to include decretal language actually disposing of any claims, it was not final. *See id.* at 57. Subsequently, the trial court signed a final and appealable order from which Frausto now appeals.

discrimination by her employer." *Tex. Dep't of Motor Vehicles v. Bustillos*, 630 S.W.3d 316, 330 (Tex. App.—El Paso 2021, no pet.) (first citing Tex. Lab. Code Ann. § 451.001(1); and then citing *Cardenas v. Bilfinger TEPSCO, Inc.*, 527 S.W.3d 391, 399 (Tex. App.—Houston [1st Dist.] 2017, no pet.)). The plaintiff establishes a causal link by demonstrating that the termination would not have occurred when it did but for the plaintiff's filing of the workers' compensation claim. *Id.* Once this burden is met, the employer must "rebut the alleged discrimination by offering proof of a legitimate, non-discriminatory reason for its actions." *Id.* at 331. "If the employer demonstrates a legitimate, non-discriminatory reason, then the burden shifts back to the employee to produce controverting evidence of a retaliatory motive in order to survive a motion for summary judgment." *Id.* (cleaned up). The plaintiff satisfies this burden by presenting evidence "that the employer's asserted reason for the discharge or other adverse employment action was pretextual." *Id.* "Summary judgment is proper if the employee fails to produce controverting evidence." *Id.*

### III. Non-Discriminatory Reason to Terminate Frausto

Because it is dispositive, we will first determine whether RCI provided proof of a non-discriminatory reason to terminate Frausto.[3] *See* Tex. R. App. P. 47.1. If so, then

---

[3] We will assume without deciding for the sake of this memorandum opinion that Frausto met his initial burden.

We note that on appeal Frausto states that RCI only argued in the trial court that "Frausto is no longer employed by RCI . . . because he quit." Frausto implies that RCI did not argue in its motion for traditional summary judgment that, as a matter of law, there is a non-discriminatory reason for terminating Frausto. *See* Tex. R. Civ. P. 166a(c). We disagree. In its motion, RCI stated the following:

Third, if we again assume for argument purposes that Frausto was terminated and did not voluntarily quit his employment with RCI, Frausto's termination was legal and non-actionable because RCI had legitimate, non-discriminatory grounds for terminating Frausto and/or refusing to provide him a ride to work, including 1) On many occasions Frausto violated RCI's attendance policy by failing both to show up

summary judgment is proper unless Frausto produced controverting evidence showing that the reason was pretextual. *See Tex. Dep't of Motor Vehicles*, 630 S.W.3d at 331.

"It is well-settled in Texas that termination pursuant to the uniform enforcement of a reasonable absence-control policy does not constitute retaliatory discharge." *Tex. Dep't of Fam. & Protective Servs. v. Parra*, 503 S.W.3d 646, 666 (Tex. App.—El Paso 2016, pet. denied). Here, in her affidavit, Hall stated that it was "RCI's regular course of action and policy" to terminate an employee for violation of the attendance police if that employee did not show up for work without notifying RCI of the absence unless there is a legitimate emergency excuse, or if the employee did "not notify RCI in advance of them not being able to come to work for a non-emergency absence from work." RCI presented evidence that it is an at-will employer, and Frausto received RCI's written policy stating that employees must inform RCI of their absence from work. Frausto did not notify RCI of his absences from April 20 until May 2, 2017, which were not due to an emergency.[4] Thus, RCI presented evidence that it uniformly enforced its absence-control policy.

Frausto did not provide any controverting evidence that RCI did not uniformly enforce the absence-control policy or that RCI's acts were pretextual.[5] *See Bustillos*, 630

---

for his light duty work for almost one month and by failing to notify RCI that he was not coming into work for 10 days, 2) Frausto was incapable of performing light duty work in the RCI office if Frausto could not physically get himself to the office to perform the tasks (such as physically filing paper documents), 3) Frausto was treated the same as any other similarly situated employee and Frausto was not qualified to be a super[]visor (the only light duty work in the field) where transportation was provided as a convenience.

[4] Regarding his failure to notify RCI that he would be absent, Frausto testified at his deposition that he did not notify RCI that he would be absent for approximately five days because he did not have a phone. Therefore, Frausto admitted that he failed to comply with RCI's attendance policy.

[5] Frausto complains that RCI did not provide him transportation to the Dilley office, and he appears to argue that act constituted retaliation. He also states that RCI fired him for not appearing at the worksite when he did not have transportation. "[O]ne of the essential elements of an employment discrimination claim is that the plaintiff must have suffered an adverse employment action, such as a termination or a

S.W.3d at 331; *see also Tex. Div.-Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 313-14 (Tex. 1994) (per curiam) (explaining that there was not a valid retaliation case because the plaintiff offered no evidence to controvert the employer's explanation that he was terminated solely for violating a uniformly enforced, collectively bargained agreement three-day absence rule). Therefore, we conclude that RCI's termination of Frausto's employment did not constitute retaliatory discharge as a matter of law. *See Parra*, 503 S.W.3d at 666. Accordingly, we overrule Frausto's two appellate issues.[6]

## IV. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
11th day of January, 2024.

---

failure to hire, promote or compensate. *Tex. De''t of Criminal Just. v. Tidwell*, ___ S.W.3d ___, No. 08-22-00130-CV, 2023 WL 3153643, at *11 (Tex. App.—El Paso Apr. 28, 2023, no pet.) (first citing *Esparza v. Univ. of Tex. at El Paso*, 471 S.W.3d 903, 908-909 (Tex. App.—El Paso 2015, no pet.); and then citing *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 764 (Tex. 2018) ("[A] remedy only exists for retaliation when the evidence establishes that a materially adverse employment action resulted from the employee's protected activities.")). Frausto cites no authority, and we find none, supporting a conclusion that an employer's failure to provide transportation to and from the worksite alone constitutes an adverse employment action. *See* TEX. R. APP. P. 38.1(i) (providing that the appellant must meet its appellate burden with citation to appropriate authority). Thus, we are unable to conclude that Frausto suffered an adverse employment action when RCI did not provide transportation to and from the worksite. *See id.*

[6] On July 24, 2023, RCI filed a motion to strike evidence and pleadings that are not a proper part of the record requesting that this Court impose sanctions on appellant. We deny the motion.